PER CURIAM.
Appended to this order is a compilation of rules to govern the practice and procedure in courts throughout the state handling traffic cases until permanent rules are submited by The Florida Bar for adoption.
The rules are promulgated as an emergency matter to govern the courts in the handling of traffic cases under the Florida Uniform Disposition of Traffic Infractions Act, Chapter 74 — 377, Laws of Florida. This Act, which decriminalizes most traffic offenses, takes effect on January 1, 1975.
All conflicting rules and statutes are hereby rescinded after 11:59 p. m., Eastern Standard Time, December 31, 1974.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.
*490 FLORIDA RULES OF PRACTICE AND PROCEDURE FOR TRAFFIC COURTS
I. SCOPE, PURPOSE AND CONSTRUCTION, AND TRANSITION
Rule
6.010. Scope.
6.020. Purpose and Construction.
6.030. Prosecution of Pending Cases.
II. GENERAL PROVISIONS
6.040. Definitions.
6.050. Local Rules.
6.060. Code of Judicial Conduct.
6.070. Violation of These Rules Contempt; When.
6.080. Improper Disposition of Traffic Ticket.
6.090. Contempt, Criminal; Summary Punishment; Order; Other Contempt Proceedings; Notice; Bail; Disqualification of Judge or Official; Order.
6.100. Traffic Violations Bureau.
6.110. Driver Improvement, Student Traffic Safety Council, and DWI Counterattack Schools.
6.120. Bail Bondsmen.
6.130. Traffic Cases Tried Separately.
6.140. Conduct of Trial.
6.150. Witnesses.
6.155. Checks.
6.156. Review Committee.
III. CRIMINAL OFFENSES
6.160. Complaint; Summons; Forms; Use.
6.170. Arraignment.
6.180. Calendar Arraignment Times.
6.190. Procedure on Failure to Appear; Warrant; Notice.
6.200. Procedure on Guilty or Nolo Contendere Plea.
6.210. Right of Defendants to Certain Information.
6.220. Practice as in Criminal Rules.
6.230. Joint Trial of Defendants and Informations and Complaints.
6.240. Order of Trial.
6.250. Issues of Fact.
6.260. Amendment of Record.
6.270. Failure to Testify.
6.280. Motion for Judgment of Acquittal.
6.290. Withholding Adjudication Prohibited; When.
6.300. Driver License Revocation; Maintaining List.
6.310. Reckless Driving; Lesser Included Offense.
*491 IV. TRAFFIC INFRACTIONS
6.320. Complaint; Summons; Forms; Use.
6.330. Election to Attend Traffic School.
6.340. Rule on Admission That Traffic Infraction Was Committed; Affidavit of Defense.
6.350. Computation of Time.
6.360. Enlargement of Time.
6.370. Additional Time After Service By Mail.
6.380. Papers to be Signed by Attorney.
6.390. Papers to be Signed by Unrepresented Alleged Offender.
6.400. Clerk to Prepare and Send Reports.
6.410. Disqualification and Substitution of Official.
6.420. Substitution of Official.
6.430. Joint Hearing of Alleged Offenders And Complaints.
6.440. Televising, Photographing, Radio Broadcasting of Hearing.
6.450. Order of Hearing.
6.460. Evidence.
6.470. Costs.
6.480. Deferred Payment of Penalty Imposed.
6.490. Correction and Reduction of Penalty.
6.500. Pronouncement and Entry of Penalty; Penalizing Official.
6.510. Determination That Infraction Was Not Committed; Bond Refunded.
6.520. Effect of Granting New Hearing.
6.530. Imposition of Penalty Before or After Motion Filed; Evidence at Hearing.
6.540. Time for and Method of Making Motions; Procedure.
6.550. Official May Grant New Hearing.
6.560. Conviction of Traffic Infraction.
6.570. Reporting Action Requiring Suspension of Driver License.
6.580. Completion of Driver School; Conditions.
6.590. Failure to Complete Driver’s School.
6.600. Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License.
6.610. Failure to Fulfill Penalty Imposed After a Hearing; Reinstatement of Driver License.
6.620. Failure to Appear for Mandatory Hearing; Reinstatement of Driver License.
I. SCOPE, PURPOSE AND CONSTRUCTION, AND TRANSITION
-Rule 6.010 Scope.
(a)These rules govern practice and procedure in any traffic case and specifically apply to practice and procedure in Municipal Courts, County Courts and any other courts having jurisdiction of traffic cases. The provisions of these rules apply in Circuit Courts to all cases concerning juvenile traffic offenders.
(b) The rules under Part III of these rules apply to all criminal traffic offenses not subject to the provisions of Chapter 318, Florida Statutes, whether prosecuted in the name of the state or any subdivision of it.
(c) The rules under Part IV of these rules apply only to traffic infractions governed by Chapter 318, Florida Statutes, whether adjudicated in a court of the state or any subdivision of it.
*492 (d) The Rules under Part V of these rules apply in all traffic cases and pertain to the Traffic Court Review Committee and its duties and responsibilities.
Rule 6.020 Purpose and Construction.
These rules shall be construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unnecessary expense and delay.
Rule 6.030 Prosecution of Pending Cases.
All traffic cases not finally disposed of by January 1, 1975, shall be governed by the provisions of Chapter 318, Florida Statutes, and these rules.
II. GENERAL PROVISIONS
Rule 6.040 Definitions.
The following terms hall have the meaning respectively ascribed to them:
“Court” means any court to which these rules apply and the judge, official, magistrate, mayor or other presiding officer.
“Judge” means any judicial officer authorized by law to preside over a court to which these rules apply and any mayor in the performance of the authorized duties as judge in the court.
“Law” includes the constitutions of the United States, State of Florida, statutes, ordinances, judicial decisions and these rules.
“Oath” includes affirmations.
“Clerk” means clerk of the initiating court or trial court.
“Open Court” shall mean in a courtroom as provided or judge’s or official’s chambers of suitable judicial decorum.
“Prosecutor” means any attorney who represents a state, county, city, town or village in the prosecution of a defendant for the violation of a statute or ordinance.
“Criminal Traffic Offense” means all violations of a statute or ordinance governing traffic not subject to the provisions of Chapter 318 of Florida Statutes, within the jurisdiction of a court to which these rules apply, including Chapter 322 of Florida Statutes, sections 316.019, 316.027, 316.-028, 316.029, 316.061, 316.067, 860.01 of Florida Statutes, Chapter 893 of Florida Statutes.
“Review Committee” means the committee appointed by the Supreme Court to study and consider the application and administration of these rules for traffic courts in Florida and which shall make recommendations to the Supreme Court for changes in said rules.
“Warrant” includes capias.
“Infraction” means a noncriminal violation of Chapter 316 of Florida Statutes, or Chapter 325, Part II of Florida Statutes, or section 339.30, section 340.23, or section 239.55 of Florida Statutes, except as provided in section 318.17 of Florida Statutes, which is not punishable by incarceration and for which there is no right to a trial by jury or a right to court appointed counsel.
“Official” means any state or municipal judge authorized by law to preside over a court or at a hearing adjudicating traffic infractions.
“Department” shall mean the Department of Highway Safety and Motor Vehicles, defined in section 20.24, of Florida Statutes, or the appropriate division thereof.
“Officer” means any enforcement officer charged with and acting under authority to arrest or cite persons suspected or known to be violating the statutes or ordinances regulating the operation or equipment of vehicles, or the regulation of traffic.
“Infraction Requiring a Mandatory Hearing” means those infractions listed in section 318.19, of Florida Statutes, who must appear before a designated official *493 at the time and location of the scheduled hearing.
Committee Note
The department is unable to supply the information necessary to enforce the provisions of section 318.19(2) of Florida Statutes, at this time. This provision should therefore be ignored until further notice.
Rule 6.050 Local Rules.
Local rules of any court to which these rules apply shall be supplementary to these rules. Each court shall publish its local rules in the jurisdiction of the court and shall keep copies for inspection. A copy of all local rules shall be furnished to the Clerk of the Supreme Court of Florida by the chief judge of the circuit upon publication and become effective upon written approval by the Supreme Court of Florida.
Rule 6.060 Code of Judicial Conduct.
The Code of Judicial Conduct adopted by the Supreme Court of Florida shall apply to the judge or official of each court subject to these rules, whether or not the judge or official has been admitted to the bar. It shall be the obligation of the judge or official to conduct his court and his professional and personal relationships in accordance with the same standards required of judges of courts of record.
Rule 6.070 Violation of These Rules Contempt; When.
Any willful failure to apply these rules or the failure to amend or vacate local court rules contrary to these rules, or the continued participation in practice forbidden in these rules by the judge, official, clerk or other personnel, may be considered a contempt of the Supreme Court of Florida and punished as such.
Rule 6.080 Improper ■ Disposition of Traffic Ticket.
Any person who solicits or aids in the disposition of a traffic complaint or summons in any manner other than that authorized by the court or shall willfully violate any provision of these rules shall be proceeded against for criminal contempt (in the manner provided in these rules).
Rule 6.090 Contempt, Criminal; Summary Punishment; Order; Other Contempt Proceedings; Notice; Bail; Disqualification of Judge; Order.
(a) A criminal contempt may be punished summarily if the judge or official certifies that it was committed in the actual presence of the court, and in all instances of failure to obey a properly served subpoena or lawful order of the court. The order of contempt shall recite the facts and shall be signed by the judge or official and filed.
(b) A criminal contempt, except as provided in section (a) of this rule, shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge or official in open court in the presence of the alleged offender or defendant or, on application of the prosecutor in criminal traffic offense cases, by an order to show cause or an order of arrest. The defendant or alleged offender is entitled to admission to bail. If the contempt charged involves disrespect to or criticism of a judge or official, that judge or official is disqualified from presiding at the trial or hearing except with the defendant’s or alleged offender’s consent. Upon a finding of guilt, the court shall enter an order reciting the essential facts constituting the criminal contempt and fixing the punishment.
Rule 6.100 Traffic Violations Bureau.
(a) Any court handling criminal traffic offenses or traffic infractions shall establish a traffic violations bureau by local rule. The function of the bureau shall be *494 to accept appearances, waivers of noncriminal hearings, admissions and payment of civil penalties for traffic infractions not requiring a mandatory hearing. Where any person’s sentence for a criminal traffic offense or penalty for a traffic infraction requiring a mandatory hearing or a traffic infraction where the person elects to appear before an official includes the payment of a fine or civil penalty, payment may be made before the bureau. The bureau may also accept appearances, waivers of hearings, admissions and payment of civil penalties as provided in section 318.18 of Florida Statutes, in traffic infraction cases where the driver originally elected, but was not required to appear before an official prior to the date of the hearing. The bureau shall act under the direction and control of the court.
(b) The court shall post in the place where civil penalties are to be paid in the violations bureau the schedule of the amount of the civil penalty as provided in section 318.18 of Florida Statutes. All fines, civil penalties, and costs shall be paid to, receipted by and accounted for by the violations bureau or proper authority in accordance with these rules.
(c) All cases processed in the violations bureau shall be numbered, tabulated and reported for identification and statistical purposes. In any statistical reports required by law, the number of cases disposed of by the violations bureau shall be listed separately from those disposed of in open court.
Rule 6.110 Driver Improvement, Student Traffic Safety Council, and DWI Counter Attack Schools.
(a) In those areas where traffic law violators are sentenced or are allowed to elect to attend a driver improvement school, the chief judge of the circuit shall issue a local rule designating the schools to which attendance is required.
(b) Any school not designated by the chief judge may seek approval by petition to the Traffic Court Review Committee. (c)Any schools designated to serve an area of the state are subject to the inspection and supervision of the Traffic Court Review Committee.
Rule 6.120 Bail Bondsmen.
Bail bondsmen shall not participate in any hearing or trial before the court in the capacity of an attorney at law or seek to represent their bond clients in a legal capacity.
Rule 6.130 Traffic Cases Tried Separately.
Insofar as practicable traffic cases shall be tried separately, from other cases. While criminal traffic offense cases and traffic infraction cases may be tried in the same division or session, they shall be handled separately insofar as practicable.
Rule 6.140 Conduct of Trial.
All trials and hearings shall be held in open court and shall be conducted in an orderly manner according to law and applicable rules. Questions pertaining to the conduct of the trial or hearing, not covered by law or these rules, shall be determined by the judge or official. Except in emergencies, all proceedings for the trial of traffic cases shall be held in a room suitable for the purpose; such fácilities shall be subject to inspection and approval of the Review Committee.
Rule 6.150 Witnesses.
The procedure prescribed by law in civil and criminal cases concerning the attendance and testimony of witnesses, the administration of oaths and affirmations and proceedings to enforce the remedies and protect the rights of the parties shall govern traffic cases so far as they are applicable unless provided otherwise by these rules or by law.
Rule 6.155 Checks.
Where a fine or civil penalty is paid by a check or money order the fine or civil penalty shall not be considered fulfilled un *495 til the check or money order has been honored by the institution upon which it is drawn. The date the check or money order was written shall be considered the date of suspension.
Rule 6.156 Review Committee.
(a) A committee is' hereby established to be known as The Traffic Court Review Committee. Its members shall be appointed by the Supreme Court. It shall be composed of eight members who shall serve without compensation. The State Traffic Courts Director shall serve as Executive Secretary of the committee.
(b) All appointments shall be for three year terms or until a successor is appointed, whichever is longer.
(c) The Supreme Court shall designate one of the members to be chairman from time to time. The members of the committee shall be composed of the following:
(1) Two members of The Florida Bar who shall have been practicing attorneys within the state for at least five years;
(2) Two judges of either county or municipal court level handling traffic cases;
(3) One prosecuting attorney from either the county or municipal level handling traffic cases;
(4) One member from the Florida Bar Standing Committee on Traffic Courts and Safety;
(5) One lay person; and,
(6) One clerk.
(d) The committee shall meet at least once annually on the call of the chairman and at such other times as the chairman or the Supreme Court may direct. All matters or complaints concerning the administration of these rules by Traffic Courts shall be considered by the committee. Any continued or willful violation or evasion of the rules by a judge, official, clerk or other court personnel shall be brought to the attention of the Supreme Court. If the Supreme Court deems it proper, a contempt proceeding may be initiated against the judge, official, clerk or other court personnel. The Supreme Court shall appoint a circuit judge from a different judicial circuit to take evidence in the matter and report his findings and recommendations to the Supreme Court. Notice of the time and place of the hearing before the circuit judge or the Supreme Court and a specification of the alleged violation or evasion shall be given to the judge, official,, clerk or other court personnel complained against. The rules applicable to criminal contempt proceedings shall apply to these proceedings. After receiving the findings and recommendations of the circuit judge or hearing the matter itself, the Supreme Court may punish any willful Violation or evasion of these rules in the same manner as criminal contempts. Until such time as there is a final determination by the Supreme Court all such proceedings shall be confidential.
III. CRIMINAL OFFENSES
Rule 6.160 Complaint; Summons; Form; Use.
All prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic complaint as provided for in section 316.018, of Florida Statutes, or other applicable statutes, or by affidavit, information or indictment as provided for in the Florida Criminal Rules of Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic complaint shall be prepared by the clerk and submitted to the Department of Highway Safety and Motor Vehicles.
Rule 6.170 Arraignment.
Arraignment shall be conducted only in open court by the presiding judge and every defendant summoned for a particular session may be arraigned before contested *496 matters are taken up. Immediate trial following or contemporaneously with arraignment is permissible upon proper notice to the defendant.
Rule 6.180 Calendar Arraignment Times.
The court may provide that a defendant desiring to enter a plea of “not guilty” may enter his appearance and the plea at the clerk’s office in writing, in person, or by an attorney, and have the case assigned for trial at a future date to be set by the court. The entry of the appearance and plea shall constitute a waiver of motions as fully as would a plea entered in person in open court.
Rule 6.190 Procedure on Failure to Appear; Warrant; Notice.
(a) The court may direct the issuance of a warrant for the arrest of any resident of this state, or any non-resident upon whom process may be served in this state, who fails to appear and answer a criminal traffic complaint or summons lawfully served upon such person and against whom a complaint or information has been filed. The warrant shall be directed to all law enforcement officers, state, county or municipal, in the state and may be executed in any county in this state.
(b) If a warrant is not issued or is not served within 30 days after issuance the court may place the case in an inactive file or file of cases disposed of and shall report only bond forfeiture cases and cases finally adjudicated to the driver license issuing authority of the Department of Highway Safety and Motor Vehicles. For all other purposes, including final disposition reports, the cases shall be reported as disposed of, subject to being reopened if thereafter the defendant appears or is apprehended.
(c) If a defendant is not a resident of this state and fails to appear or answer a traffic complaint, the clerk of the court or the court shall mail notice to the defendant at the address stated in the complaint and to the license issuing agency in the defendant’s home state. If the defendant fails to appear or answer within 30 days after the mailing of notice, the court shall place the case in an inactive file or file of cases disposed of subject to being reopened if thereafter the defendant appears or answers or a warrant is issued and served.
(d) The waiting period imposed herein shall not affect any proceedings for forfeiture of bail.
Rule 6.200 Procedure on Guilty or Nolo Contendere Plea.
(a) If the Defendant pleads guilty or nolo contendere, the judge shall set the punishment and enter judgment accordingly and for this purpose may hear evidence on the nature of the case and after the hearing may refuse to accept the plea in his discretion.
(b) No plea of guilty or nolo contendere shall be received by the court other than by appearance of the defendant or the defendant’s attorney in open court or as herein provided in these rules. The acceptance by a court of a signed plea of guilty or waiver of trial, contrary to the provisions of these rules is forbidden.
Rule 6.210 Right of Defendants to Certain Information.
(a) The defendant shall have the right to obtain the following information by applying to the office of the prosecutor:
(1) Examination or copy of any exhibits relating to the case against the defendant.
*497 (2)Examination or copy of any statement made by the defendant relating to the case against him or her that was reduced to writing by the arresting or investigating officer.
(3) Examination or copy of all other tangible evidence relating to the case against the defendant.
(4) The names and addresses of all witnesses against the defendant.
(5) Information about the location of the violation alleged against the defendant if the information is not stated in detail in the complaint.
(6) Such other information from the prosecutor as authorized to be disclosed without motion by the Rules of Criminal Procedure.
(b) If the defendant is charged with driving or being in actual physical control of a motor vehicle, while having an unlawful blood alcohol level or while under the influence of alcoholic beverages, model glue or any substance controlled by chapter 893 of Florida Statutes, the defendant shall also have the right to receive a copy of the chemical test unit report or blood alcohol test report in the case if these tests have been made.
(c) All motions concerning matters not enumerated in subsections (a) and (b) above shall be filed in timely manner with the clerk of the court with copies to the adverse party.
Rule 6.220 Practice as in Criminal Rules.
Trial under this part shall be governed by the Rules of Criminal Procedure so far as they may be applicable unless they are in conflict with these rules. The following Rules of Criminal Procedure shall.not apply to criminal traffic offenses:
3.125, 3.131, 3.140, 3.151, 3.160.
Rule 3.191, Rules of Criminal Procedure, shall be applicable to crimina} traffic offenses. A person shall be considered “taken into custody” when he is arrested or when a traffic citation or notice to appear is served upon him.
Rule 6.230 Joint Trial of Defendants and Information and Complaints.
When two or more defendants are separately or jointly charged with an offense arising out of the same general facts, the defendants may be tried separately or jointly. When one defendant is charged on several counts in the same information or complaint, or by separate complaints of several offenses, arising out of the same general facts, the counts or information and complaints may be tried separately or jointly in the discretion of the court.
Rule 6.240 Order of Trial.
(a) Unless both parties waive opening statements, the prosecutor may make the opening statement outlining the evidence that will be offered by the prosecution, and the defendant may immediately thereafter make an opening statement or may reserve making an opening statement until after the conclusion of the prosecution’s case-in-chief.
(b) The prosecutor shall submit evidence in support of the charged offense.
(c) If the defendant reserved an opening statement until the close of the prosecution’s case-in-chief, the defendant may then make the statement; if the statement has already been made, the defendant may then offer evidence in support of the case or may move for judgment of acquittal or both.
(d) The parties may thereafter offer testimony in rebuttal only if the parties offered evidence on their original cases.
(e) Unless both parties waive final argument the prosecutor shall make the open *498 ing argument and the defendant shall follow and the prosecutor may conclude the argument. If the defendant has offered no evidence other than his or her own testimony, opening and closing arguments shall be had as provided by the Civil and Criminal Rules of Procedure. The length of all arguments shall be fixed by the court and announced before the arguments are commenced, provided equal time shall be allowed each party.
Rule 6.250 Issues of Fact.
All issues of fact shall be tried by the judge except when tried by jury. The judge shall advise the defendant that he has the right to trial by jury.
Rule 6.260 Amendment of Record.
Amendments to pleadings may be made at any time before trial, subject to the approval of the court. If either party shows that the amendments will result in prejudice, the court may grant a continuance. No proceedings shall be dismissed nor the defendant discharged by reason of any informality or irregularity in the process, information or complaint; but such process, information or complaint may be amended at any time before the final submission of the case in the court of first instance.
Rule 6.270 Failure to Testify.
If the accused, his or her spouse, or witness does not testify at the trial, this fact shall not be construed to affect the innocence or guilt of the accused, nor shall it raise any presumption of guilt, nor be referred to by any party, nor be considered by the court or jury before whom the trial takes place.
Rule 6.280 Motion for Judgment of Acquittal.
Motions for directed verdict are abolished and motions for judgment of acquittal are substituted in their place and such motion shall be made after • the evidence on either side is closed. The court on motion of the defendant or its own motion shall enter judgment of'acquittal of one or more offenses charged by complaint or information if the court concludes as a matter of law that the evidence is not sufficient to sustain a judgment of conviction of the offense or offenses.
Rule 6.290 Withholding Adjudication Prohibited; When.
(a) Pursuant to the provisions of section 322.281 of Florida Statutes, no court shall withhold adjudication of guilt or the imposition of sentence for the offense of driving or being in actual physical control of a motor vehicle, while having an unlawful blood alcohol level or while under the influence of alcoholic beverages, model glue, or any substance controlled by chapter 893 of Florida Statutes.
(b) The court is also prohibited from accepting a plea of guilty to a less.er offense from a person charged under the provisions of chapter 322 of Florida Statutes, whose chemical results show a blood alcohol content by weight of .20 percent or more.
Rule 6.300 Driver License Revocation ; Maintaining List.
In order to comply with the provisions of section 322.282(1), of Florida Statutes, the clerk need not maintain a separate list of driver license revocations from his or her existing records.
Rule 6.310 Reckless Driving; Lesser Included Offense.
Where a person is cited for the criminal traffic offense of reckless driving pursuant *499 to section 316.029, of Florida Statutes, careless driving, section 316.030, of Florida Statutes, which is a traffic infraction, shall not be considered a lesser included offense of the reckless driving charge.
IV. TRAFFIC INFRACTIONS
Rule 6.320 Complaints; Summons; Forms; Use.
All citations for traffic infractions shall be by uniform traffic complaint as provided in section 316.018 of Florida Statutes, or other applicable statutes, or by affidavit. If a complaint is made by affidavit a uniform traffic complaint shall be prepared by the clerk and submitted to the department.
Rule 6.330 Election to Attend Traffic School.
Unless a mandatory hearing is required pursuant to section 318.19 of Florida Statutes, or the alleged offender appears at a hearing before an official, an alleged offender may elect to attend a driver improvement school or a student traffic safety council school where such schools are available in lieu of payment of the civil penalty. The person must appear at the traffic violations bureau of the court having jurisdiction of the case to make such an election, within ten days of the date of the citation. If the person begins the driver school course, such action shall constitute an admission and a waiver of the right to a hearing.
Rule 6.340 Rule on Admission That Traffic Infraction Was Committed; Affidavit of Defense.
(a)If any person admits that a traffic infraction was committed, the official shall set the civil penalty and enter judgment accordingly and for this purpose may hear evidence on the nature of the case and after the hearing may refuse to accept the admission in his discretion.
(b) No admission shall be received by the court other than by appearance of the offender or the offender’s attorney in open court or as herein provided in these rules or by statutory law. The acceptance by a court of a signed admission or waiver of trial, contrary to the provisions of these rules or statutory law is forbidden.
(c) Any person charged with the commission of a traffic infraction who is not a resident of or domiciled in the county where the alleged infraction took place may file a written statement setting forth facts justifying the filing of an affidavit of defense. If, in the opinion of the official, it affirmatively appears from these facts that the interests of justice will best be served by allowing the alleged offender to file an affidavit of defense, such affidavit, upon the posting of a reasonable cash appearance bond set by the official, may be filed with the clerk of the court or the traffic violations bureau. Such affidavit shall be sworn to before a notary public, deputy clerk or clerk. Affidavits of defense may be accepted as an appearance where a mandatory hearing is required to either deny or admit the commission of the infraction or as an appearance denying the commission of the infraction where no mandatory hearing is required. Such affidavit shall bé considered in evidence by the official presiding at the time when such case is scheduled for hearing and the case may be adjudicated upon evidence offered in support of the complaint and such affidavit.
Committee Note
The following is a recommended form to be used as an affidavit of defense. Information as to who may file such an affidavit and any other pertinent information may be provided on the back of the form.

*500

NOTE: This Affidavit will be presented to the presiding Official together with the complaint against you, on the date noted on your copy of the complaint or as soon thereafter as possible. You will be advised by mail of the result, and will, at that time, receive from the Court a check covering the balance of your bond, after deduction of penalty, if any is imposed. The Judges of this Court reserve the right to compel personal appearance as may be determined by the gravity or seriousness of the offense charged.
*501 Rule 6.3S0 Computation of Time.
In computing any period of time prescribed or allowed by these rules, by order of an official, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday or legal holiday, in which event the period shall run until the end of a next day which is neither a Saturday, Sunday nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.
Rule 6.360 Enlargement of Time.
When by these rules or by a notice given thereunder or by order of an official an act is required or allowed to be done at or within a specified time, the official for good cause shown may, at any time, in his discretion (1) order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect; but it may not, except as provided by statute or elsewhere in these rules, extend the time for making a motion for a new hearing, or for taking an appeal.
Rule 6.370 Additional Time After Service By Mail.
Whenever an alleged traffic offender has a right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper and the notice or paper is served by mail, 3 days shall be added to the prescribed period.
Rule 6.380 Papers to be Signed by Attorney.
Every written paper of an alleged offender represented by an attorney shall be signed in his individual name by such attorney, whose address shall be stated, and he may be required by an order of an official to vouch for his authority to represent such alleged offender. The signature of an attorney shall constitute a certificate by him that he has read the paper; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the hearing may proceed as though the paper had not been served.
Rule 6.390 Papers to be Signed by Unrepresented Alleged Offender.
An alleged offender who has no attorney but represents himself shall sign all written papers and state his current address.
Rule 6.400 Clerk to Prepare and Send Reports.
Where reports or forms are to be sent to the Department, the clerk or traffic violations bureau shall prepare and send the reports or forms.
Rule 6.410 Disqualification and Substitution of Official.
An official may be disqualified and a substitution made in the same manner and upon the same grounds as a judge.
Rule 6.420 Substitution of Official.
If by reason of death or disability, the official before whom a hearing has commenced is unable to proceed with the hearing or post-hearing proceedings .another official, certifying that he has familiarized himself with the case, may proceed with the disposition of the case.
Rule 6.430 Joint Hearing of Alleged Offenders.
When two or more alleged offenders are cited with an infraction arising out of the *502 same general facts, they may have a hearing separately or jointly. When one alleged offender is cited in the same complaint, or by separate complaints of several infractions, arising out of the same general facts, the counts or complaints may be tried separately or jointly, in the discretion of the official.
Rule 6.440 Televising, Photographing, Radio Broadcasting of Hearing.
The taking of television pictures or other photographs in or of the courtroom during the progress of an administrative hearing for traffic infractions or radio broadcasting of an administrative hearing for traffic infractions from the hearing room may be permitted with prior approval of the chief judge of the circuit.
Rule 6.450 Order of Hearing.
(a) If it is admitted that the traffic infraction was committed, the official shall permit the offender to offer a statement concerning the commission of the infraction. The official may examine the offender and issuing officer concerning the infraction prior to making a determination as to the civil penalty to be imposed.
(b) Prior to the commencement of a hearing the official shall briefly describe and explain the purposes and procedure of the hearing and the rights of the alleged offender.
(c) The issuing officer shall, after being sworn, testify and offer evidence to the facts concerning the alleged infraction. After such testimony the official and the alleged offender or his counsel may examine such officer.
(d) Thereafter, the alleged offender may offer sworn testimony and evidence and after such testimony is offered shall answer questions as may be asked by the official.
(e) If the testimony of additional witnesses is to be offered, the order on which such witness shall testify shall be within the discretion of the official conducting the hearing. Any such witness shall be sworn and shall testify, and may then be questioned by the official, and thereafter may be questioned by the alleged offender or counsel.
(f) Upon the conclusion of such testimony and examination, the official may further examine or allow such examination as the official deems appropriate.
(g) At the conclusion of all testimony and examination, the alleged offender or counsel shall be permitted to make a statement in nature of a closing argument.
Rule 6.460 Evidence.
The rules of evidence applicable in all hearings for traffic infractions shall be the same as in civil cases and shall be liberally construed by the official hearing the case. Evidence admissible shall include but not be limited to accident reports.
Rule 6.470 Costs.
(a) In those cases where a hearing is held to determine whether a traffic infraction was committed, court costs up to ten dollars may be assessed by the official against the offender in addition to the penalty imposed.
(b) Where no hearing is required or held and the offender admits the commission of the offense by forfeiting a bond or paying the penalty the following costs may, if authorized by local rule, be deducted from the penalty by the traffic violations bureau or clerk’s office:
(1) One dollar for all infractions of bicycle regulations, section 316.111, of Florida Statutes, and infractions of pedestrian regulations, section 316.057, of Florida Statutes;
(2) Three dollars for all non-moving traffic infractions; and,
(3) Five dollars for all moving infractions.
(c) Where a civil traffic infraction is committed the court shall not collect a *503 dollar as provided in sections 943.25(3) or (5), of Florida Statutes.
Rule 6.480 Deferred Payment of Penalty Imposed.
Upon motion of the offender or upon his own motion an official may allow a reasonable amount of time before requiring the payment of a penalty imposed. If payment is not made after such extension or extensions the failure to pay shall be reported to the department within ten days for the purpose of suspending the offenders driving license.
Rule 6.490 Correction and Reduction of Penalty.
(a) An official may at any time correct ' an illegal penalty imposed by it.
(b) An official may reduce a legal penalty imposed by him within sixty days after such imposition, or within sixty days after receipt by the official of a mandate issued by the appellate court upon af-firmance of the judgment and/or penalty upon an original appeal, or within sixty days after receipt by the official of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or penalty, or, if further appellate review is sought in a higher court or in successively higher courts, then within sixty days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari.
Rule 6.500 Pronouncement and Entry; Penalizing Official.
(a) Every penalty or other final disposition of the case shall be pronounced in open court. The final disposition of every case shall be entered in the minutes in courts in which minutes are kept, and shall be docketed in courts which do not maintain minutes.
(b) In those cases where it is necessary that the penalty be pronounced by an official other than the official who presided at the hearing, or accepted an admission, the penalizing official shall not impose a penalty without first becoming acquainted with what transpired at the hearing or the facts concerning the admission and the infraction.
Rule 6.510 Determination That Infraction Was Not Committed; Bond Refunded.
When it is determined that a person did not commit an alleged traffic infraction and a bond has been posted, such money or bonds shall be refunded.
Rule 6.520 Effect of Granting New Hearing.
When a new hearing is granted, the new hearing shall proceed in all respects as if no former trial had been had.
Rule 6.530 Imposition of Penalty Before or After Motion Filed; Evidence at Hearing.
The official in his discretion may impose the civil penalty either before or after filing of a motion for new hearing or arrest of judgment.
Rule 6.540 Time for and Method of Making; Motions; Procedure.
(a) A motion for new hearing or in arrest of judgment, or both, may be made within four days, or such greater time as the official may allow, not to exceed 10 days, after the finding of the official.
(b) When the offender has been found to have committed the infraction such a motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the finding of the official. The oficial may immediately rule upon the motion.
*504 (c) Such motion may be in writing, filed with the clerk or violations bureau; it shall state the grounds on which it is based. When the official sets a time for the hearing therefor, the clerk or bureau shall notify the counsel, if any, for the offender or, if no attorney has been retained, the offender.
Rule 6.550 Official May Grant New Hearing.
When, following a hearing, a determination has been made that the traffic infraction was committed, the official on motion of the offender, or his own motion, may grant a new hearing.
Rule 6.560 Conviction of Traffic Infraction.
An admission or determination that a person has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322 of Florida Statutes.
Rule 6.570 Reporting Action Requiring Suspension of Driver License.
Any noncompliance with the provisions of Chapter 318 of Florida Statutes, resulting in the suspension of a driver license shall be reported to the department within 10 days of the noncompliance on a form to be supplied by the department. Any noncompliance may be determined without the necessity of holding a hearing.
Rule 6.580 Completion of Driver School; Conditions.
(a) All driver schools selected by the chief judge of the circuit shall establish the conditions for the successful completion of the driver course. The conditions shall be submitted in writing for approval of the chief judge.
(b) Any failure to meet the conditions for successful completion of the course shall be reported to the official having jurisdiction of the case or the clerk or traffic violations bureau if designated by the official by the school.
Rule 6.590 Failure to Complete Driver’s School; Reinstatement of Driver License.
(a) In any case where a person elects to attend driver’s school but fails to appear for or complete the course notice of such failure shall be sent to the department within 10 days of such failure and the person’s driver license shall be deemed suspended.
(b) If the person appears after notice has been sent but before the department has suspended the driver license the department shall be notified on a form to be supplied by the department immediately after the civil penalty as provided in section 318.18 of Florida Statutes, has been fulfilled.
(c) If the person appears after the driver license has been suspended the offender must fulfill the civil penalty as provided in section 318.18 of Florida Statutes and may be required to agree again to attend a driver school. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to obtain a new driver license.
Rule 6.600 Failure to Appear or Pay Civil Penalty; Reinstatement of Driver License.
(a) In any case where no mandatory hearing is required and the person has signed and accepted a citation but fails to pay the civil penalty or appear, the person’s driver license and privilege is deemed suspended and notice of such failure to appear must be sent to the department within 10 days of the failure to pay or appear.
(b) If the person appears after notice has been sent but before the department has suspended the driver license, the civil, penalty may be paid without a hearing or the person may agree to attend a hearing. The department shall be notified immediately on a form to be supplied by the department.
(c) If the person appears after the driver license has been suspended, the alleged *505 offender may pay the civil penalty without a hearing and may be required to agree to attend a driver school or may agree to attend a hearing. If an election to attend a hearing is made and it is determined that the infraction was committed the offender is subject to the penalty provisions of section 318.14(5) of Florida Statutes. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to obtain a new driver license.
Rule 6.610 Failure to Fulfill Penalty Imposed After a Hearing; Reinstatement of Driyer License.
(a) In any case where a hearing is held, if it is determined that the infraction was committed and a penalty is imposed but the penalty is not fulfilled the person’s driver license is deemed suspended and notice of such failure must be sent to the department within 10 days of the failure.
(b) If the person appears after notice has been sent but before the department has suspended the driver license the department shall be notified on a form to be supplied by the department immediately after the penalty imposed has been fulfilled.
(c) If the person appears after the driver license has been suspended the offender must fulfill the penalty and, if not a part of the penalty originally imposed, may be required to agree to attend a driver school if available. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to obtain a new driver license.
Rule 6.620 Failure to Appear for Mandatory Hearing; Reinstatement of Driver License.
(a)In any case where a mandatory hearing is required and the person fails to appear, that person’s driver license and privilege is deemed suspended and notice of such failure to appear must be sent to the department within 10 days of the failure to appear.
(b) If the person appears after notice has been sent the department shall be notified immediately on a form to be supplied by the department and a hearing shall be held to determine whether the infraction was committed.
(c) Tf the person’s driver license has been suspended by the department and, after a hearing, it is found that the infraction was committed, the official may require that driver’s school, if available, be attended as part of the penalty. The person shall be given a form supplied by the department, certified by the official, to be taken to the nearest driver license examining station in order to obtain a new driver license.