SMITH, Acting Chief Judge.
The Department of Highway Safety and Motor Vehicles appeals from a circuit court judgment which by writ of certiorari set aside the Department’s five-year revocation of Bennett’s driver’s license for fifteen point-assessable traffic “convictions” within five years. Sections 322.264, .27, .31, Florida Statutes (1977). The issue is whether, in counting the number of Bennett’s “convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27,” the Department properly counted pre-1975 “convictions” entered on the Department’s record when Bennett paid several traffic fines to the county courts but did not personally appear before a judge for adjudication of guilt. The circuit court held that Bennett’s payment of fines for point-assessable traffic infractions were not equivalent to “convictions”, until January 1975, when the Supreme Court promulgated Rule 6.560, Fla.R.Traf.Ct., set out below.[1]
Since 1972 Section 322.264, Florida Statutes (1977) has provided:
A “habitual traffic offender” is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the convictions for separate offenses described in subsections (1), (2), and (3), committed within a 5-year period:
(2) Fifteen convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27 . . .
(Ch. 72-175, Section 2, Fla.Laws).
Section 322.27(2)(d) provides “a graduated scale of points assigning relative values to convictions” of a certain character, including four points for willful and wanton reckless driving, three or four points for excessive speed, two points for improper equipment, and three points for “[a]ll other moving violations (including parking on the highway outside the limits of a municipality) .. . .”
Fifteen times between August 1973 and August 1976, Bennett was assessed points for traffic violations including improper start (3 points), speeding not more than 15 miles per hour over the limit (3 points), speeding more than 15 miles per hour over the limit (4 points), careless driving (3 points), racing on public traffic way (3 points), and reckless driving (4 points). It seems conceded by the parties, or at least not contested by either, that Bennett never appeared “in court” in the sense of standing before a judge for adjudication of his guilt;[2] rather, Bennett sent in the prescribed fine or penalty payment. The cir *447 cuit court, considering that no “conviction” for purposes of Section 322.264 and .27 could occur without entry of a judgment of conviction or some equivalent judicial act, held that Bennett was not “convicted” on the eight occasions,.before traffic rule 6.560 became effective, when Bennett paid the fines or penalties in lieu of a court appearance.
We conceive that the circuit court drew unwarranted implications from the Supreme Court’s promulgation, effective January 1, 1975, of traffic rule 6.560. The occasion for promulgation of that rule was not a sudden realization that “convictions” did not previously result from payment of a traffic fine or penalty; rather, the new rule appears to have been promulgated, simultaneously with the decriminalization of certain traffic offenses, in order to make the new civil and the prior criminal determinations of traffic infractions equivalent for purposes of counting points and other purposes served by Chapter 322. See Chapter 318, Florida Statutes (1977).
Bennett urges a distinction, for point-assessment purposes, between pre-1975 cases in which the violator admitted the infraction and paid the fine (no points) and those in which he did not admit the infraction, or was otherwise required to appear before a judge, and was found guilty by a conventional judgment of conviction (points assessed). We find nothing in Sections 322.264 and .27 authorizing that distinction, which would appear to cancel the legislative assessment of penalty points for certain violations, or to assess points as a penalty for contesting the violation in court. Both before and after traffic rule 6.560 was promulgated in January 1975, a traffic offender’s payment of the fine or penalty, whether predicated on a formal judgment of conviction or not, was sufficient predicate for entry in the Department’s records of a traffic “conviction” for purposes of assessing points and counting “[fjifteen convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27 . . . .” See Rule 6.12, Fla.R.Traf.Ct.[3]
We are not here concerned with a factual contest over the accuracy of the Department’s records, or the regularity of the court or traffic bureau proceedings which affected Bennett, or the sufficiency of the Department’s administrative proceedings for revocation. We give the Department’s record of Bennett’s violations the effect that the parties and the circuit court gave it, and find nevertheless that Bennett within five years was “convicted” fifteen times for moving traffic offenses assessable under Section 322.27(2)(d).
The circuit court’s writ of certiorari is QUASHED and the Department’s order is REINSTATED.
ERVIN and BOOTH, JJ., concur.

. Fla.R.Traf.Ct. 6.560; In re Transition Rule 20, 306 So.2d 489. 504 (Fla.1974):
An admission or determination that a person has committed a traffic infraction shall constitute a conviction as that term is used in Chapter 322 of Florida Statutes.
See also In re Transition Rule 20, etc., 306 So.2d 505, 506 (Fla.1975).

. Although we take the record as we find it, presenting legal but no factual issues, we note that court appearance was required by Fla.R. Traf.Ct. 6.12 for certain of Bennett’s pre-1975 infractions. Rule 6.12(b)(4), (8); In re Florida Traffic Court Rules, 247 So.2d 281, 284 (Fla. 1971).

. The Florida Traffic Court Rules in effect between 1971 and 1975 provided for a traffic violations bureau operating under the control of the court. “The function of the bureau shall be to accept appearances, waivers of trial, pleas of guilty or nolo contendere and payment of fines and costs, subject to the limitations prescribed.” Fla.R.Traf.Ct. 6.12, In re Florida Traffic Court Rules, 247 So.2d 281, 283 (Fla.1971). Provision was made for use of a form of “appearance, plea of guilty and waiver” form by which the offender acknowledges “that my signature to this plea will have the same effect as a judgment of this court and that a record of it will be sent to the Florida Department of Motor Vehicles.” Id. at 290.