296 So.2d 636 (1974)
The STATE of Florida ex rel. Albert Lee Barber, Relator,
v.
Honorable Dan SATIN, Judge of the Circuit Court, Criminal Division, in and for Dade County, Florida, Respondent.
No. 74-508.
District Court of Appeal of Florida, Third District.
May 23, 1974.
Rehearing Denied July 12, 1974.
*637 Phillip A. Hubbart, Public Defender, and Eva Weisner, Asst. Public Defender, for relator.
Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for respondent.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This cause comes to us by way of suggestion for writ of prohibition. The facts are as follows:
On November 11, 1972 the relator, Albert Lee Barber, was arrested and on December 7, 1972 was informed against (information no. 72-8364) for possession and sale of heroin. Subsequently, Barber was released on his own recognizance. At the request of the relator, the court granted several continuances. On March 28, 1973, the trial judge denied the state's motion for continuance, whereupon the state entered a nolle prosequi. Thereafter, a new information (no. 73-2405) based upon the identical charges was filed on March 29, 1973. However, at the time of the filing thereof, the prosecuting attorney directed the clerk that no capias be issued for the arrest of the relator pursuant to RCrP 3.130(k), 33 F.S.A. On April 5, 1973 a notice to appear in court on April 16, 1973 was mailed to the relator at the address (2025 N.W. 6th Place) which he had given at the time of his initial arrest. Relator alleges he never received the notice and upon his failure to appear before the court on April 16, 1973 an alias capias was issued pursuant to which relator was arrested on January 1, 1974. Subsequent thereto, on February 19, 1974 the relator filed a motion to dismiss and discharge pursuant to RCrP 3.191. A hearing was held thereon, at the conclusion of which the trial judge denied the motion whereupon the relator filed the instant suggestion for writ of prohibition.
In opposition thereto, the respondent contends that a defendant who has been released from custody on his own recognizance as in the case sub judice is not available for trial if he removes himself from the address given in his recognizance and does not advise the court where he can be reached for process. We cannot agree.
The state having entered a nolle prosequi in the original case (information no. 72-8364) on March 28, 1973, the defendant-relator thereby was released from both custody and prosecution under the original information. In other words, he was free immediately. Cf. State v. Sokol, Fla.App. 1968, 208 So.2d 156 at 157. See also 21 Am.Jur.2d Criminal Law § 513 (1965).
Upon the filing of the second information (no. 73-2405), the prosecuting attorney should have directed that a capias for the arrest of the relator be issued pursuant to RCrP 3.130(k) as at that time his position was no longer that of an accused *638 released on his own recognizance. Thus, we agree with the relator that he was continuously available for trial for a period of 357 days from February 27, 1973, the date of his last continuance, until February 19, 1974, the date upon which relator's original motion to discharge was filed.
Both the U.S. and Florida Constitutions guarantee to the accused the right to be brought to trial within a reasonable time and RCrP 3.191 was promulgated to make that right effective. See 9 Fla.Jur. Criminal Laws § 379 et seq. (1972). Under the facts of the instant case, we conclude that more than a reasonable time has elapsed without the relator being brought to trial and thus, he has been denied his constitutional right to a speedy trial.
Accordingly, for the reasons stated hereinabove, we hold the trial judge erred in denying the motion for discharge; that the same should be granted and the relator discharged, and the respondent is prohibited from further exercising any jurisdiction on information no. 73-2405.
Prohibition granted.