322 So.2d 551 (1975)
Nadene SINGLETARY, Appellant,
v.
STATE of Florida, Appellee.
Lillian EADY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 46175, 46173.
Supreme Court of Florida.
October 29, 1975.
*552 Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
KLEIN, EDWARD S., Circuit Judge:
The two cases consolidated herein are direct appeals from the County Court of Duval County which held that Fla. Stat. 409.325 is constitutional, and that appellants were not denied a speedy trial. We have jurisdiction pursuant to Fla. Const. Article V, § 3(b)(1).
Although this Court acquires jurisdiction by virtue of the trial court's ruling that Fla. Stat. 409.325 is constitutional, we adhere to the settled principle of constitutional law that courts should not pass upon the constitutionality of statutes if the case in which the question arises may be effectively disposed of on other grounds. Peoples v. State, 287 So.2d 63 (Fla. 1973); Williston Highlands Development Corp. v. *553 Hogue, 277 So.2d 260 (Fla. 1973); Walsingham v. State, 250 So.2d 857 (Fla. 1971); Mounier v. State, 178 So.2d 714 (Fla. 1965). Because of our holding herein that appellants should be forever discharged due to the denial of their right to a speedy trial, we refrain from deciding the constitutionality of Fla. Stat. 409.325.
On April 1, 1974, appellant Singletary was served with a summons to appear on May 6, 1974, on the charge of welfare fraud, a violation of Fla. Stat. 409.325. On April 10, 1974, a summons was served upon appellant Eady to appear on May 6, 1974, in the same court as appellant Singletary to respond to the same charges as appellant Singletary.
Both appellants appeared in court on May 6, 1974, but the court on its own motion passed both cases until May 14, 1974, for the appointment of the Public Defender. On May 14, 1974, appellants were adjudged insolvent and the Public Defender was appointed to represent them. Both cases were then continued until May 28, 1974, for the filing of an information. Appellants appeared in court on May 28, 1974, but once again the cases were continued since no information had been filed. On May 30, 1974, the State Attorney filed two informations charging each appellant with violating Fla. Stat. 409.325.
On June 11, 1974, both appellants appeared in court and entered pleas of not guilty to the charges filed in the informations, and the cases were continued until July 8, 1974, for hearing on motions. On July 8, 1974, the appellants appeared in court, the court denied the appellants' motions for statement of particulars, and set the cases for jury trial on August 6, 1974. On August 2, 1974, both appellants filed motions to discharge under the speedy trial rule, Florida Rules of Criminal Procedure 3.191(a)(1). On August 6, 1974, the appellants again appeared in court at which time the county judge denied their motions to discharge. The appellants then entered pleas of nolo contendere, preserving the right to appeal the denial of their motions to discharge.
The pertinent provision of Rule 3.191(a)(1), Rules of Criminal Procedure, reads as follows:
"... every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor ... The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged." (Emphasis added)
Since the time period commences when the accused is taken into custody, the question presented herein is when were the appellants taken into custody?
While there are a number of cases that have been decided in this State dealing with the question of what amounts to the denial of a speedy trial after arrest, this is the first application of Florida's speedy trial rule to a situation where the accused was served by summons, but was never formally "arrested".
Appellants argue they were taken into custody on April 1st and April 10th, respectively, the date the summonses were served upon them. Alternatively, appellants argue they were taken into custody on May 6th, the date they appeared in court in accordance with the summonses. The State contends that the appellants were not taken into custody until May 14th, the date the Public Defender was appointed to represent the appellants. If the ninety-day time period commenced on May 6th (the date of the appellants' first appearance in court in response to the summonses) or prior thereto, Rule 3.191(a)(1) mandates that the appellants "be forever discharged from the crime."
The purpose of the speedy trial rule is to implement the practice and procedure by which the defendant may seek to *554 be guaranteed his fundamental right to a speedy trial. The rule was promulgated and its specific time limits established with a view toward expediting the administration of criminal justice. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974).
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), Justice Powell stated:
"... even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." 407 U.S. at 533, 92 S.Ct. at 2193.
Recognizing this Rule 3.191(a)(1) provides:
"A person charged with a crime is entitled to the benefits of this Rule ... whether such person is in custody awaiting trial or is at liberty on bail or recognizance." (Emphasis added)
The failure to appear as commanded by a summons without good cause constitutes an indirect criminal contempt of court, punishable by fine. Fla. Stat. 901.11. It follows that a person served with a summons commanding him to appear in court on a date and time certain stands in a position similar to one at liberty on bail or recognizance.
In U.S. v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), Justice Douglas, in a concurring opinion, declared:
"At least some of these values served by the right to a speedy trial are not unique to any particular stage of the criminal proceeding. See Note, 43 N.Y.U.L.Rev. 722, 725-726 (1968); Note, 77 Yale L.J. 767, 780-783 (1968); Comment, 11 Ariz.L.Rev. 770, 774-776 (1969). Undue delay may be as offensive to the right to a speedy trial before as after an indictment or information. The anxiety and concern attendant on public accusation may weigh more heavily upon an individual who has not yet been formally indicted or arrested for, to him, exoneration by a jury of his peers may be only a vague possibility lurking in the distant future. Indeed, the protection underlying the right to a speedy trial may be denied when a citizen is damned by clandestine innuendo and never given the chance promptly to defend himself in a court of law." 404 U.S. at 331, 92 S.Ct. at 468. (Emphasis added)
One served with a summons to answer a criminal charge is no less an accused charged with a crime than one formally placed under arrest by warrant. The anxiety and concern attendant on public accusation commence at that point. The individual's freedom is restricted to the extent that he is required, under threat of arrest for non-compliance, to appear in court on the time and date specified in the summons. Fla. Stat. 901.11. Upon being served with a summons, an accused comes within the jurisdiction of the court.
Fla. Stat. 901.09(2) provides that:
"(2) When the complaint is for a misdemeanor that the magistrate is not empowered to try summarily, he shall issue a summons instead of a warrant if he reasonably believes that the person against whom the complaint was made will appear upon a summons."
Where a person is arrested pursuant to a warrant issued by a magistrate, numerous cases have held that the person is in "custody" within the meaning of the speedy trial rule. We see no reason why a person served pursuant to Fla. Stat. 901.09(2) with a summons, as contrasted with an arrest pursuant to a warrant, should not likewise be considered as being "in custody" within the meaning of the speedy trial rule. Should such person fail to appear in response to the summons, the provisions of the speedy trial rule relating to Availability for Trial and Exceptional Circumstances *555 would toll the running of the time period. Rule 3.191(e) and (f). Procedural rules should be given a construction calculated to further justice, not to frustrate it. Eastwood v. Hall, 258 So.2d 269 (Fla.App.2d 1972).
This Court, on December 9, 1974, promulgated the Florida Traffic Rules. 306 So.2d 489 (Fla. 1974). Florida Traffic Rule 6.220 states that:
"Rule 3.191, Rules of Criminal Procedure, shall be applicable to criminal traffic offenses. A person shall be considered `taken into custody' when he is arrested or when a traffic citation or notice to appear is served upon him." (Emphasis added)
Certainly an individual served with a summons to answer criminal charges faces greater anxiety and concern than a person served with a notice to appear in a traffic offense. If a person served with a notice to appear to answer for a traffic offense is deemed to have been "taken into custody", then logic dictates that a person served with a summons to answer for a more serious criminal offense should likewise be deemed to have been "taken into custody".
We reject appellants' alternative argument that the time period in the rule does not commence until the date specified for the accused to appear in court. The anxiety and concern of the accused are not delayed until such time as the accused first appears in court. Since Fla. Stat. 901.09(2) provides that the summons is to be issued by a magistrate, an official of the court, the accused is within the "custody" of the court the moment he receives the summons. From that point onward, his freedoms are restricted.
Based on the position we have taken herein, no words are needed to explain our rejection of appellee's argument that the time period did not commence until the date the appellants were appointed a Public Defender.
In summary, we hold that an accused has been "taken into custody" within the meaning of rule 3.191(a)(1) when the individual has been served with a summons to answer for a crime for which he has been accused of having committed. Since the appellants were not brought to trial within ninety days of their having been taken into custody, their right to a speedy trial has been violated, and they should be discharged.
It is so ordered.
ADKINS, C.J., and BOYD and SUNDBERG, JJ., concur.
OVERTON, J., concurs specially with an opinion, with which ENGLAND, J., concurs.
ROBERTS, J., dissents.
OVERTON, Justice (concurring specially).
I agree with the discharge; however, I do not agree that receiving a summons is "custody" under the terms of Rule of Criminal Procedure 3.191(a)(1).
My construction of our present rule would commence the computation of the speedy trial period involving a summons on the date the defendant submits himself to the court. In this instance, that was on May 6, 1974. Computing ninety days from May 6, 1974, still entitles the appellants to discharge. We should specifically set forth in the rule when the time period begins to run for a criminal action commenced by a summons.
I agree in the result, but not for the reasons expressed in the majority opinion.
ENGLAND, J., concurs.