OTT, Judge.
Petitioner was indicted in 1973 on two charges in two separate actions in the county court. In one case he was charged with unlawful interest in a public contract. In the second he was charged with violation of the standards of conduct for city officials. A notice to appear was sent to petitioner in the one and a summons was issued against petitioner in the second. The trial court ultimately dismissed both cases and ordered the petitioner discharged for failure to bring the petitioner to trial under the speedy trial requirements of Fla.R.Crim.P. 3.191(a)(1). The two cases were consolidated on appeal to the circuit court. That court never passed on or reviewed the sufficiency of the trial court’s ruling that the appellant had been denied a speedy trial. Instead, the circuit court reversed the trial court on the ground that the petitioner “. . . had never been arrested or taken into custody . . . ” on the two charges, and therefore, time never commenced to run on the time period for speedy trial. Petitioner has now applied to this court for the writ of certiorari. Finding as we do that the circuit court has departed from the essential requirement of law we grant petitioner’s request.
The notice to appear issued pursuant to Fla.R.Crim.P. 3.125(c) in one of the cases and the summons issued in the other are similar insofar as their effect is concerned.
The “speedy trial” provision — Rule 3.191(a)(1) — provides in relevant part:
The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged, (emphasis added)
A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is at liberty on bail or recognizance.
The term “taken into custody” in Rule 3.191(a)(1) is used to determine at what point during the pendency of a case the protection of the sixth amendment guarantee of a speedy trial should commence. The test is one of formal restraint. This test involves a determination of when the defendant’s liberty was formally restrained by some pretrial action or procedure. In Baker v. Wingo, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 the court stated:
. even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.
One served with a summons [or a notice to appear] to answer a criminal charge is no less an accused charged with a crime than one formally placed under arrest by warrant. In Singletary v. State, 322 So.2d 551, 555 (Fla.1975) the supreme court stated:
[A]n accused has been “taken into custody” within the meaning of Rule 3.191(a)(1) when the individual has been served with a summons to answer for a crime for which he has been accused of having committed.
See United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).
It is our opinion that the circuit court has departed from the essential requirements of the law in the following particulars:
(1) In reversing the action of the lower court on grounds not presented to the trial court nor raised by the parties before the circuit court on appeal.
(2) In the legal conclusion, sua sponte, that the petitioner had never been “taken into custody”.
For these reasons the petition for writ of certiorari is granted, the order of the circuit court is quashed and the cause is remanded to that court for appropriate review of the lower court’s order discharging the petitioner for failure of the state to bring the petitioner to trial pursuant to speedy trial requirements.
*415 The state urges to this court that the petitioner has waived his right to a speedy trial which petitioner denies. That point is not properly before this court and there is no record presented here raising such an issue.
HOBSON, Acting C. J., and McNULTY, J., concur.