McCORD, Chief Judge.
Petitioner seeks a writ of prohibition contending the circuit court lacks jurisdiction to try petitioner on Counts 7 and 8 of an amended information filed against petitioner. The undisputed facts reveal that on May 24, 1978, petitioner was charged in a three-count felony information with one count of attempted sexual battery and two counts of sexual battery. On the same date, petitioner was arrested pursuant to that information and was released on bail. On June 7,1978, the state filed an amended information increasing the number of counts charged against petitioner from three to nine, including five felony charges and four misdemeanor charges. On June 8, petitioner filed a motion for clarification of conditions of release, seeking the trial court’s permission for appellant to make a two-week trip to his home in England. At the June 9 hearing on that motion, the state announced to the court and petitioner that an amended information had been filed on June 7. A copy of the amended information was shown to petitioner and his counsel. Upon the state’s suggestion and petitioner’s motion, the court applied the conditions of bail for the original three-count information to the nine-count amended information. At that hearing, the court also granted petitioner’s request to travel to England and thereupon, petitioner took a two-week trip to England in June. On September 8, petitioner filed a motion for discharge for violation of speedy trial rights as to Counts 7 and 8, which were misdemeanors. The trial court denied the motion, finding that speedy trial, under Fla.R. Crim.P. 3.191(a)(1), commenced when petitioner filed his written plea of not guilty as to Counts 7 and 8 on June 19, 1978.
On appeal, petitioner argues that because the conditions of his original bond were attached to the additional counts contained in the amended information at the June 9 hearing, his liberty was effectively restricted, and he was placed “in custody” as to those additional counts for the purposes of the speedy trial rule as of June 9. Petitioner asserts that failure to bring him to trial on the misdemeanor Counts 7 and 8 within 90 days after June 9 amounted to a speedy trial violation under Fla.R.Crim.P. 3.191(a)(1). We agree. According to Rule 3.191(a)(1), speedy trial time commences when a defendant is “taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.” As stated in Dinsmore v. State, 348 So.2d 413 (Fla. 2 DCA 1977), the test for commencement of the speedy trial period under the “taken into custody” requirement of Rule 3.191(a)(1) is one of “formal restraint” or “a determination of when the defendant’s liberty was formally restrained by some pretrial action or procedure.” See also Singletary v. State, 322 So.2d 551 (Fla.1975). By its nature, the setting of bail is a restraint upon a defendant’s liberty. Even the attachment of an existing bond to new counts, as was done here, places new restrictions upon a defendant’s liberty. From June 9 forward, petitioner was subject to the conditions of the bail as to Counts 7 and 8. Thus, speedy trial began to run from June 9 and by September 7, the 90-day period in which to bring petitioner to trial on Counts 7 and 8 had expired. Thus, the trial court should have dismissed Counts 7 and 8 against petitioner pursuant to Fla.R. Crim.P. 3.191(a)(1).
Respondent argues that, even assuming arguendo that the June 9 hearing began the running of speedy trial as to Counts 7 and 8, petitioner’s claim for relief still should be denied because petitioner was not continuously available for trial as required by Rule 3.191(a)(1). Respondent asserts that because petitioner ventured beyond the boundaries of the state by traveling to England for two weeks, he was unavailable for trial during that period and thus he waived his right to be tried within 90 days. We disagree. Petitioner did not violate his bail conditions by traveling; instead, he was given specific permission by the trial court to make the trip. There has been no showing that the trial was delayed because of petitioner’s trip nor was there a showing that, if notified of trial during his trip, petitioner would not have returned *1180 immediately for trial. Thus, we find, as did the trial court in the order appealed here, petitioner was continuously available for trial.
Writ of - prohibition is granted as to Counts 7 and 8 of the amended information.
SMITH and ERVIN, JJ., concur.