372 So.2d 193 (1979)
Gerald Lee DATEMA, Petitioner,
v.
The Honorable Frederick N. BARAD, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 79-570.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for petitioner.
Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for respondent.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
*194 BARKDULL, Judge.
On August 1, 1978, Datema was arrested on a burglary charge. An information was filed but the State, without announcing the intention of refiling, nolle prossed the information. About two weeks later, the State refiled the information and mailed notice of same to Datema, which was returned and he did not receive the notice.
No capias was issued and Datema's trial counsel, over counsel's objection, was ordered to enter a plea of not guilty. The case came on for trial on January 22, 1979 and the defendant, still having no notice of the proceedings, did not appear. An alias capias was issued then. About a month later, Datema contacted his counsel, was informed of the new information and appeared for trial. The alias capias was quashed.
On March 1, Datema moved for discharge on the grounds that more than 180 days had elapsed since his arrest and further proceedings would violate his speedy trial rights. The trial court denied the motion to discharge, granted the State's motion to void the time periods, and set trial.
When the first information was nolle prossed, Datema was no longer an accused released on bond; he was free. Thus, the prosecution, upon refiling the second information (the State), should have issued a capias for his arrest. Under these circumstances, Datema's nonappearance is no evidence of non-availability for speedy trial purposes. See: State ex rel. Barber v. Satin, 296 So.2d 636 (Fla. 3d DCA 1974); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978).
Thereupon, the defendant filed a suggestion for writ of prohibition in this court and, finding that same presented a prima facie case, a rule nisi in prohibition was issued. Therefore, the rule nisi in prohibition will be made absolute.
Assuming that the trial judge will follow the dictates of this opinion, the rule absolute will not be served unless necessary.