WENTWORTH, Judge.
This case is before the court upon petition for writ of prohibition; petitioner is the defendant in a pending criminal action and seeks to prohibit the trial judge from any further proceedings in the action, alleging that the time limits of the speedy trial rule, Fla.R.Crim.P. 3.191, have run. The relevant dates are:
2/19/79-Petitioner is arrested and taken to county jail; detention petition is then filed in juvenile court and petitioner is transferred to a regional center where he is detained by juvenile authorities. Petitioner is subsequently released to the custody of his parents.
3/7/79-Criminal information is filed against petitioner as an adult.
3/8/79-Capias issues. (State does not attempt service of capias, although aware of petitioner’s address and telephone number.)
6/ /79-With his juvenile counselor’s knowledge and permission, petitioner moves with his parents to Alabama. Petitioner is advised by his juvenile counselor that he will be notified if it is necessary to respond to any capias; petitioner maintains contact with his juvenile counselor, who is aware of the outstanding capias.
10/ /79-Petitioner is enrolled in “Operation Divert,” a mental health counseling program which requires petitioner’s daily attendance at a facility in Pensacola. Petitioner’s attendance at this program continues until February 1980.
1/ /80-Petitioner becomes aware of the outstanding capias and turns himself in to the authorities.
Fla.R.Crim.P. 3.191(e) provides that:
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the state be voidable by the court in the interest of justice.
In Mishan v. Crews, 363 So.2d 1178 (Fla. 1st DCA 1978), the court concluded that the petitioner in that case was continuously available for trial, and that the speedy trial time limits were not tolled, despite the fact that petitioner had voluntarily removed himself from the jurisdiction of the court. In Mishan the petitioner had removed himself from the court’s jurisdiction after receiving “specific permission by the trial court” to make a trip. The court further noted that there had been no showing that the trial was delayed because of petitioner’s trip, or that petitioner would not have returned immediately if notified of trial during his trip.
Petitioner in the present case received specific permission from his juvenile coun *493 selor to move with his parents (into whose custody he had been released) to the nearby city of Mobile, Alabama. Petitioner subsequently participated in a counseling program at Pensacola, Florida, requiring his daily presence within the court’s jurisdiction. As in Mishan, there has been no showing that the trial was delayed or that petitioner would not have responded immediately upon notification of the outstanding capias. We find that petitioner was continuously available for trial.
The writ of prohibition is granted and the cause is remanded with directions that the prosecution upon the charge against petitioner be dismissed.
MILLS and McCORD, JJ., concur.