405 So.2d 252 (1981)
L.G., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-269.
District Court of Appeal of Florida, Third District.
October 27, 1981.
*253 Bennett H. Brummer, Public Defender, and John G. Admire, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Alan T. Lipson, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
L.G. pled nolo contendere to a delinquency charge reserving an appellate challenge to the denial of his motion to discharge on speedy trial grounds.[1] We reverse.
The appellant was arrested on May 10, 1980. The petition for delinquency was filed against him on June 4, 1980. On July 8, 1980, at a sounding at which L.G. was present, the adjudicatory hearing was scheduled for July 29, 1980. Subsequently, on July 25, 1980, at the request of the state and with the previously secured consent of L.G.'s special assistant public defender, who asked only that he be informed of the new date, the adjudicatory hearing was continued until August 6, 1980. While his attorney was informed of this fact by telephone on August 4, 1980, neither L.G. nor his parents were summoned or notified of the August 6 hearing date in any way.[2] Consequently, they were not present at that time. Because of this fact, and over the objection of defense counsel, the trial court continued the hearing to August 27, beyond the speedy trial time which expired on August 8, 1980.[3] Fla.R.Juv.P. 8.180(b). In accordance with that ruling, the court subsequently denied the respondent's August 11, 1980 motion to discharge.
The trial court based its decisions on the conclusion that the juvenile should have been present at the scheduled August 6 adjudicatory hearing by virtue of the notice given his counsel. We disagree. Under Fla.R.Juv.P. 8.190(a), "[n]otice of the [adjudicatory] hearing shall be by summons as provided in Rule 8.120." Fla.R.Juv.P. 8.120,[4] in turn specifically requires service *254 of the summons and obviously does not permit mere informal notice through an attorney. See also, Sections 39.03(2), 39.06, Florida Statutes (1979). Because of the mandatory requirements of the juvenile rules[5]  and the obvious practical distinctions, which the rules reflect, in the attorney-client relationship as it respectively concerns adults and juveniles  we reject the state's contention that State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980), which holds that notice to an attorney is notice to his adult client for criminal speedy trial purposes, is applicable to juvenile proceedings. Because L.G. was thus not properly summoned[6] and was therefore not obliged to be present at the August 6 adjudicatory hearing, there was no basis to extend the speedy trial time on the ground that he was not there. See Datema v. Barad, 372 So.2d 193 (Fla. 3d DCA 1979); Mishan v. Crews, 363 So.2d 1178 (Fla. 1st DCA 1978); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978). For this reason, the adjudication of delinquency is reversed and the cause remanded with directions to discharge the respondent.
Reversed.
NOTES
[1] At oral argument, the state raised the possibility that this device is not available under the juvenile rules. Since the contention was never previously made, either in the trial court  where the procedure was agreed to by all concerned  or in a motion to dismiss or the appellee's answer brief on appeal, we consider the contention to be untimely asserted and therefore do not further consider that point.
[2] Specifically, L.G.'s lawyer did not inform him of the new date.
[3] The basis of our decision to reverse renders it unnecessary to consider the appellant's contentions that the order, as subsequently reduced to writing, did not conform with the requirements of Fla.R.Juv.P. 8.180(c), see C.S. v. State, 390 So.2d 457 (Fla. 3d DCA 1980); M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980) and that the "continuous availability" requirement of the criminal speedy trial rule, Fla.R.Crim.P. 3.191, is not even impliedly (as it is clearly not explicitly) pertinent to the application of the juvenile equivalent, Fla.R.Juv.P. 8.180.
[4] Rule 8.120. Process

(a) Issuance of Summons. Upon the filing of a petition, the clerk shall issue a summons.
(b) Contents of the Summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(c) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail.
[5] There is no suggestion that these requirements were waived as permitted by Fla.R. Juv.P. 8.120(e) and 8.190(a).
[6] At the July 25, 1980 hearing at which the new hearing date was set, the HRS representative present undertook and was ordered by the court to give proper notice to L.G. The Department did not do so.