COBB, Chief Judge,
dissenting:
There is an obvious conflict between sections 48.20 and 901.04, Florida Statutes (1983), in regard to the execution (service) of arrest warrants on Sunday absent a special court order. In regard to this conflict, I agree with the state that section 901.04 has superseded the earlier statute (previously section 47.46). See 1956 Op. Atty.Gen. 327.
The question, then, is whether or not the legislature has drawn a distinction between the Sunday service of warrants and the Sunday service of criminal summonses because of the provision of section 901.10 that a criminal summons be served “in the same manner” as a summons in a civil action. To me, this language simply requires that a copy of the criminal summons, together with a copy of the complaint, should be delivered to the person to be served, or else said copies should be left at his usual place of abode with a person residing there who is fifteen years of age or older, in which event that person should be informed of the contents of the papers served, as required by section 48.031. The cross-reference note to section 48.031 un *342 der section 901.10, Florida Statutes Annotated (1983), clearly supports this interpretation. Nothing in the language of section 901.10 suggests the broad construction applied by the circuit court to encompass the Sunday restrictions of section 48.20.
Service of a criminal summons constitutes an arrest and means the accused has been taken into custody for purposes of the speedy trial rule. See Singletary v. State, 322 So.2d 551 (Fla.1975). It logically follows that such an arrest is governed by the provisions of section 901.04, not 48.20, in regard to an arrest on Sunday.
I would grant certiorari review and quash the order of the circuit court, acting in its appellate capacity, which held that a criminal summons is void if executed on Sunday.