## SCHURCH v STATE OF FLORIDA
### Case No. 88-69
Seventeenth Judicial Circuit, Broward County

February 21, 1990

### APPEARANCES OF COUNSEL

**Garland Hogan, Esquire,** for appellant.

**Dale Alan Bruschi, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Court Judge.

THIS CAUSE having come before the Court upon the appeal of a Final Judgment of Conviction of Sentence. The Court having reviewed appellate briefs, and having held oral argument, affirms the Trial Court's Judgment of Conviction.

Appellant was involved in a serious car accident on September 1, 1985. Following the accident appellant was taken to the hospital and a blood test was administered with his consent. Thereafter appellant was released and at no time was defendant in any custodial restraint, police arrest or detention.

On October 16, 1985 an information was filed against the appellant for driving under the influence contrary to Fla. Stat. § 316.193(1). A summons was issued to the address which appeared on appellant's driver's license. The appellant no longer lived at the address where the summons was issued. A capias was issued for the appellant on November 8, 1985. On December 19, 1985 appellant's counsel had the capias quashed. The trial court held a hearing on September 26, 1986 and found that the service of the summons was misdirected and it was due to the state's neglect. The appellant then filed a motion for discharge based on speedy trial grounds which was denied.

The first issue on appeal is whether the misdirected service on the appellant constituted being taken into custody to commence the speedy trial clock to run.

An accused has been taken into custody pursuant to Fla. R. Crim. P. 3.191(a)(4): "(1) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest." The Court in *Mel J. Dinsmore v State*, 348 So.2d 413 (Fla. 2DCA 1977) held that the term "in custody" is used to determine at what point the 6th amendment right to a speedy trial attaches. In *Singletary v State*, 322 So.2d 551 (Fla. 1975) the Supreme Court held that a summons to appear constitutes being taken into custody. The test which is applied is one of "formal restraint." *Dinsmore*, at 414 (Fla. 2DCA 1977).

The appellant argues that *Clinton v State*, 415 So.2d 893 (Fla. 3DCA 1984) and *Winfield v State*, 503 So.2d 333 (Fla. 2DCA 1987) stand for the proposition that misdirected service constitutes taken into custody for purposes of speedy trial. Unlike the present case, in both of these cases the speedy trial clock had already commenced and the question was whether erroneous service had tolled the speedy trial time and in each of these cases it did not. Extending the principle of misdirected service as used in the *Clinton* and *Winfield* to begin the speedy trial clock is too tenuous of an interpretation. To hold that the misdirected service is a substitute for either an actual arrest or notice to appear would be contrary to the definition of "taken into custody" according to both Fla. Crim. R. P. 3.191 and *Singletary*. This Court is

12

hesitant to find that appellant was taken into custody within the requirements of the rule and the case law. Even though the State was negligent in their service the appellant was neither formally aware of the charges nor was his liberty restrained to commence the speedy trial clock.

The second issue on appeal is whether the trial judge committed reversible error by specifically failing to instruct the jury that certain counts in the information were dismissed at the close of the evidence.

Misleading or confusing jury instructions may be grounds for reversal unless the error was harmless. *Butler v State*, 493 So.2d 415 (Fla. 1986), *State v DiGuilio*, 491 So.2d 1129 (Fla. 1986). The State has the burden of proving that the complained of error did not contribute to the verdict or that there was no reasonable possibility that the error contributed to the conviction. *DiGuilio* at 1129 (Fla. 1986). However, in order for an error to be considered reversible it must be a fundamental one.

The trial judge cured any possible error by specifically instructing the jurors only to consider what was read to them which in no way included reference to the dismissed counts. Reasonable men could not differ on that there was no reasonable possibility that the error contributed to the verdict. If there was error it was harmless.

ORDERED AND ADJUDGED that the Order of Judgment and Conviction is hereby AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 21st day of February, 1990.