881 So.2d 54 (2004)
Cornelius WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3261.
District Court of Appeal of Florida, Fourth District.
August 18, 2004.
Scott W. Sakin of Scott W. Sakin, P.A., Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Cornelius Wells appeals an order summarily denying his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and the denial of his motion for rehearing. He was convicted of two third-degree felonies after entering a no contest plea; in the instant post-conviction motion he claimed his defense counsel was ineffective in failing to move to dismiss or for discharge based on the expiration of the speedy trial period, and that his plea was involuntary because he would have instructed counsel to move for discharge if he was properly advised that he could. We reverse and remand.
*55 The chronology of the case is as follows: Wells was arrested for the instant offenses on July 17, 2002, thus triggering the running of the speedy trial period; he posted bond and was released on July 22, 2002. On August 8, 2002, the State announced a "no information," his bond was discharged, and the bondsman allegedly advised him that the prosecution was terminated, with no one advising him of any obligation to notify the clerk of the court of any new address. On November 15, 2002, Wells moved to a different address, still within Broward County, without notifying the clerk of the court. On November 19, 2002, the State filed the information charging him with the two counts to which he would eventually enter his plea; the record appears to reflect that a capias initially was issued but then was withdrawn, and a notation in the file indicates it was "never sent never served." Wells alleged he was not notified that charges had been filed, nor was he served process. On November 26, 2002, a "Notice of Court Date" was mailed to Wells's former address, to notify him that his appearance was required for arraignment in the instant case on December 17, 2002. He did not appear at the arraignment and a no-bond capias was issued for his arrest. On January 8, 2003, the 175-day felony speedy trial period of rule 3.191(a) ran. Wells was arrested on the no bond capias on April 7, 2003, 262 days after the date of his first arrest. He was appointed counsel on April 15, 2003, and entered the challenged plea on May 6, 2003.
Although ordinarily a defendant cannot demonstrate he or she was prejudiced by counsel's failure to move for discharge under the speedy trial rules without establishing that the State could not bring the defendant to trial within the fifteen-day recapture period provided by rule 3.191(p)(3), compare Dexter v. State, 837 So.2d 595 (Fla. 2d DCA 2003), Wells relied on cases which provide that the State is not entitled to the fifteen-day recapture period if, within the speedy trial period, the defendant was neither re-arrested on the charges nor notified that the charges were filed, preventing the defendant from being able to move for discharge when the period expired: Cordero v. State, 686 So.2d 737 (Fla. 3d DCA 1997); State v. Morris, 662 So.2d 378 (Fla. 4th DCA 1995); Dedolchow v. State, 675 So.2d 955 (Fla. 4th DCA 1996); State v. Gantt, 688 So.2d 1012 (Fla. 3d DCA 1997); Wills v. Wilson, 586 So.2d 468 (Fla. 3d DCA 1991).
We reject the State's argument that Wells waived any claim of ineffective assistance of counsel in failing to assert his speedy trial rights when he entered his plea, distinguishing Cambrick v. State, 593 So.2d 613, 614 (Fla. 2d DCA 1992) (where the defendant asserted ineffective assistance of counsel in failing to move for speedy trial discharge, noting that the defendant waived his speedy trial rights by entering a no contest plea, but recognizing this was not dispositive of the issue of voluntariness of his plea), because Wells did challenge the voluntariness of his plea. He argued that, had counsel discussed the possibility of moving for discharge, he would have instructed his assistant public defender to do so rather than enter the plea. See Jenrette v. State, 761 So.2d 414 (Fla. 2d DCA 2000) (holding defendant did not waive claim of ineffective assistance of counsel by pleading guilty, where he alleged he would not have pleaded guilty if his counsel had moved to suppress his confession; a trial attorney's failure to investigate a defense which results in an ill-advised guilty plea is a facially sufficient attack upon a conviction).
The trial court addressed the ineffectiveness claim on the merits and ultimately denied the motion because it agreed with the State's argument, made at a non-evidentiary hearing, that the notice which had been sent by regular mail to Wells's previous *56 address  the one he had given when first arrested  constituted sufficient notice to him of the filing of the charges. That legal determination was erroneous. See Fla. R.Crim. P. 3.131(j) (requiring issuance of capias upon filing of information, if person named is neither in custody nor at large on bail); § 932.48, Fla. Stat. (requiring clerk to issue capias upon filing of information); State v. Gross, 874 So.2d 1292 (Fla. 4th DCA 2004) (affirming an order which, this court's records reflect, granted the defendant's motion for speedy trial discharge, where, after the State filed a no information, the charges were refiled but the defendant was notified of his arraignment only by mail to his last known address and he received no actual notice until after the running of the speedy trial time period); Datema v. Barad, 372 So.2d 193 (Fla. 3d DCA 1979) and cases cited therein (non-appearance does not constitute evidence of non-availability for trial when a defendant who is not in custody or on bail fails to appear pursuant to written notice instead of service of capias).
Accordingly, as the attachments to the trial court's order did not conclusively refute Wells's claim for relief, we reverse and remand for an evidentiary hearing or the attachment of portions of the record which do conclusively refute the claim.[1]
FARMER, C.J., GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] While the instant appeal was pending, this court released C.D. v. State, 865 So.2d 605 (Fla. 4th DCA 2004) (en banc), in which, in the juvenile delinquency context, this court receded from its prior cases interpreting the juvenile speedy trial rule, rule 8.090, where the State fails to serve or arraign the juvenile within ninety days from arrest. The cases receded from were based on cases such as Cordero and Morris. See, e.g., D.D. v. State, 817 So.2d 930, 932 (Fla. 4th DCA 2002), receded from by C.D. However, the opinion in C.D. did not evince an intention to apply the rationale of that case to adult criminal cases like Cordero and Morris, and thus far it does not appear that any Florida appellate court has done so.