PER CURIAM.
We deny Hargraves’ petition for writ of prohibition, which sought his discharge on speedy trial grounds. We agree with the trial court that Hargraves was unavailable for trial[1] when he failed to appear at his pretrial conference after having been released on his own recognizance. The trial court determined, and we agree, the fact that Hargraves did not personally receive the state’s notice of pretrial conference and trial dates is not determinative, because he was represented by the public defender and notice was sent to his public defender. However, our denial is without prejudice to Hargraves to raise this issue in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850, asserting ineffective assistance of trial counsel. See Wells v. State, 881 So.2d 54 (Fla. 4th DCA 2004).
Petition for Writ of Prohibition DENIED.
SHARP, W., and SAWAYA, JJ., and PETERSON, E., Senior Judge, concur.

. Fla. R.Crim. E. 3.191(i)(3) and (k).