PER CURIAM.
 

 William Marrow petitioned this court for prohibition barring his prosecution in the Broward Circuit Court for possession of oxycodone, possession of cocaine and misdemeanor possession of drug paraphernalia.
 

 The State has effectively conceded in its response filed in this court that petitioner is entitled to discharge and dismissal of the misdemeanor charge because that was the identical charge dismissed earlier by the Broward County Court on the grounds that speedy trial time had expired there. We agree that this precludes prosecution on this count.
 
 State v. Woodruff,
 
 676 So.2d 975 (Fla.1996).
 

 Petitioner has demonstrated entitlement to prohibition barring his prosecution on the felony counts as well, on speedy trial grounds. We find
 
 State ex rel. Smith v. Nesbitt,
 
 355 So.2d 202 (Fla. 3d DCA 1978) controlling. Petitioner was not in custody or on bond or personal recognizance before the circuit court which mailed its notice of arraignment and bond status determination to him and former counsel in the Broward County Court. No
 
 capias
 
 issued or was served incident to these charges, pursuant to Florida Rule of Criminal Procedure 3.131(j). Telephone calls to former counsel did not provide notice to petitioner either. That counsel was not representing him in the circuit court prosecution. Petitioner was under no obligation to appear in circuit court, and the State failed to show that he was not available for a speedy trial in the circuit court prosecution.
 
 Cf. Wells v. State,
 
 881 So.2d 54 (Fla. 4th DCA 2004);
 
 Datema v. Barad,
 
 372 So.2d 193 (Fla. 3d DCA 1979).
 

 We grant the petition but withhold issuance of the actual writ on the presumption that the circuit court will comply with this Court’s mandate and discharge petitioner from the prosecution.
 

 GROSS, C.J., FARMER and MAY, JJ., concur.