380 So.2d 1329 (1980)
In the Interest of R.L.P., a Child, Petitioner,
v.
Honorable Lawrence L. KORDA, Circuit Judge, Seventeenth Judicial Circuit, Respondent.
No. 79-1397.
District Court of Appeal of Florida, Fourth District.
March 19, 1980.
*1330 Alan H. Schreiber, Public Defender, and Steven Michaelson, Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
The petition for writ of prohibition alleges the trial court erred in failing to discharge defendant under the juvenile speedy trial rule and seeks to prohibit the trial court from exercising any further jurisdiction over the defendant. It is uncontroverted that the juvenile defendant did not have an adjudicatory hearing within the 90-day period defined in Florida Rule of Juvenile Procedure 8.180(a).
Briefly, the trial court was of the mistaken belief at arraignment that the child had funds to hire his own attorney. On the day of adjudicatory hearing, which was the last day before speedy trial was to run, the child appeared without an attorney. The trial judge then ordered a "defense continuance" to allow time to appoint a lawyer for the child. However, the court did not enter an order specifically extending speedy trial reciting the reasons for the extension as required by Florida Rule of Juvenile Procedure 8.180(c).
As we held in In Interest of J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979), an oral continuance on the court's own motion does not extend speedy trial without a finding that the interests of justice will be served by such extension and a recitation of the reasons for such extension as required by Florida Rule of Juvenile Procedure 8.180.
There is no issue concerning the continuous availability of the child for trial or that he was in any way at fault in delaying the adjudicatory hearing. We therefore must grant the child's petition and remand the case to the trial court with instructions to discharge the child.
PETITION FOR WRIT OF PROHIBITION GRANTED.
LETTS and BERANEK, JJ., and DAUKSCH, JAMES C., Associate Judge, concur.