388 So.2d 1364 (1980)
In the Interest of M.B., a Child, Petitioner,
v.
Robert E. LEE, Circuit Judge, Respondent.
No. 80-426.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
James B. Gibson, Public Defender, and Lyle R. Hitchens, Asst. Public Defender, Daytona Beach, for petitioner.
No appearance for respondent.

WRIT OF PROHIBITION
FRANK D. UPCHURCH, Jr., Judge.
Petitioner, a juvenile, seeks a writ of prohibition to prevent the circuit judge from proceeding with his trial; he contends that his right to a speedy trial as provided in Rule 8.180, Florida Rules of Juvenile Procedure, has been violated.[1] When the *1365 speedy trial rule has been violated, a writ of prohibition is proper. Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973).
The pertinent dates and facts are:

1. December 13, 1979: Petitioner arrested.
2. March 10, 1980: Trial scheduled within the 90 day requirement.
 Petitioner indicates he is ready to proceed without
 an attorney.
3. March 10, 1980: An application for and an order appointing the
 public defender.
4. April 7, 1980: Motion for dismissal.
5. April 9, 1980: Order denying dismissal.

Petitioner alleges that the hearing was continued because of the illness of the judge; however, this is not reflected in the record. The court minutes recite that petitioner appeared on March 10, 1980 and stated that he was ready for trial. Following that, petitioner made an application for the appointment of the Public Defender and one was appointed. The application for and order appointing the Public Defender are in the record. No order resetting the trial date and no waiver by defendant of the speedy trial rule appear.
Even if we could assume that petitioner orally moved to continue the hearing to enable him to consult the Public Defender, the judge did not comply with rule 8.180(c) as he failed to enter an order reciting the reasons for the extension.
The only other documents appearing in the record were a motion to dismiss filed on April 7, 1980 and an order denying the dismissal on April 9, 1980.
No response to the petition has been filed on behalf of the trial court; therefore, this court must assume the record before it is complete.
There being no order of extension as required by the rule and no waiver of the 90-day period by petitioner, the entry of the order denying the dismissal was error.
Writ of prohibition is issued and the trial court is directed to discharge petitioner.
SHARP, J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, Judge, concurring specially:
I concur with the decision, but only because the record before us does not show an order of the trial court granting a continuance or extending the time for speedy trial or reciting the time for extension, or finding that the "interest of justice will be served by such an extension." In the state of the record before us, we are left to speculate if the adjudicatory hearing was continued because on the date set for the hearing, which was within the 90-day limit, the juvenile requested and was granted the appointment of a public defender. However, we could just as well speculate that since the trial was continued, the public *1366 defender was requested and appointed. We recognize the tremendous burdens on the trial courts, but because the Supreme Court in adopting the Rules of Juvenile Procedure specifically requires an order of court extending speedy trial and reciting the reasons, we must expect the trial courts to comply. Here, if in fact the trial was continued because the juvenile changed his mind about representing himself and requested counsel, a valid reason for continuance and extension of speedy trial, a brief order would have satisfied the rule. See In the Interest of R.L.P. v. Korda, 380 So.2d 1329 (Fla. 4th DCA 1980); In the Interest of J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979).
NOTES
[1] Florida Rules of Juvenile Procedure 8.180. Speedy Trial.

(a) Every case in which a petition has been filed alleging a child to be delinquent, ungovernable or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the complaint is filed with the intake officer as provided by statute. (2) The date the child was taken into custody.
(3) The date the petition was filed.
(b) If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
(c) The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court's docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.
(d) Effect of Mistrial; Order of New Trial. A person who is to be tried again shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court, granting a new trial, the date of an order by the trial court granting a motion to vacate a judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial, whichever is last in time.