390 So.2d 457 (1980)
C.S., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-334.
District Court of Appeal of Florida, Third District.
November 25, 1980.
*458 Bennett H. Brummer, Public Defender, and Peter Raben, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and James H. Greason, Asst. Atty. Gen., for appellee.
Before HENDRY and BASKIN, JJ. and VANN, HAROLD R., Associate Judge.
VANN, HAROLD R., Associate Judge.
Appellant seeks review of an order of the trial court, which adjudicated the appellant a delinquent. By this appeal, the appellant alleges the trial court erred in failing to grant his motion for discharge pursuant to Florida Rule of Juvenile Procedure 8.180, in that the appellant was denied his right to speedy trial.
We agree and reverse the order appealed. The appellant was taken into custody October 4, 1977 on a charge of attempted purse snatching. Trial date was set for December 21, 1977, at which time the appellant's special public defender failed to appear because he had not been notified of the appointment. At this time, the trial court orally continued the cause; however, the trial judge did not enter an order specifically extending speedy trial reciting the reasons for the extension as required by Florida Rule of Juvenile Procedure 8.180(c). Thereafter, the speedy trial period elapsed and the appellant moved for discharge, which was denied. He was then tried and adjudicated delinquent.
An oral continuance on the court's own motion does not extend the time for speedy trial, without a finding that the interests of justice will be served by such extension and a recitation of the reasons for such extension, as required by Florida Rule of Juvenile Procedure 8.180(c). See: In Interest of J.R.S. v. Hastings, 374 So.2d 559 (Fla. 4th DCA 1979); In Interest of R.L.P. v. Korda, 380 So.2d 1329 (Fla. 4th DCA 1980).
Therefore, absent a showing that the appellant was in any way at fault in delaying the adjudicatory hearing, we must reverse the order appealed and remand the cause to the trial court with instructions to discharge the child.
Reversed and remanded with directions.