MOORE, Judge.
These consolidated appeals are from two orders adjudicating the appellant, K. L. H., a minor, delinquent and placing her in a community control program. The appellant’s arrest on March 18,1979 for aggravated battery resulted from her alleged firing of a rifle, the shot from which ricocheted and struck the victim.
The appellant was originally found guilty of culpable negligence. This finding was vacated and in lieu thereof the court found her guilty of reckless display of a firearm. On appeal, she argues that her right to a speedy trial was violated; that the adjudication of culpable negligence was error because that offense is not a lesser included offense of aggravated battery for which she was charged; and finally, that the court did not have jurisdiction to adjudicate her guilty of reckless display of a firearm. She also argued that reckless display of a firearm is not a lesser included offense of aggravated battery. We find that appellant’s speedy trial rights were violated and reverse. Therefore, we need not reach the other alleged errors.
The appellant was taken into custody on March 18, 1979. Absent a proper extension of the speedy trial time pursuant to Rule 8.180, Florida Rules of Juvenile Procedure,[1] the appellant was entitled to be tried on or before June 16,1979. Alleging the unavail *298 ability of the victim, the State received continuances of the case on April 3 and April 30, 1979. On May 9, 1979, the State moved for an order “tolling” the speedy trial requirements' of the rule. Although this was a written motion, it was not served upon the appellant or her attorney, nor was it properly noticed for hearing. On June 14, 1979 the court granted the motion and “tolled” the running of the speedy trial time. A motion to vacate the order tolling the speedy trial time and a motion to discharge were denied by the court.
Appellant was found guilty of culpable negligence and adjudicated delinquent on July 16, 1979. She was then placed on a community control program. The appellant then filed a motion to vacate her adjudication but before a ruling was obtained on this motion she filed her notice of appeal on August 15, 1979.[2] Thereafter the court granted appellant’s motion to vacate the culpable negligence adjudication and entered a finding that appellant was guilty of reckless display of a firearm. The court failed, however, to reinstate the community control program after vacating the original adjudication.
In January, 1980, the State filed a petition alleging appellant’s violation of the community control program. This petition was dismissed because of the court’s previous failure to reinstate the program. Nevertheless, at the hearing on the petition the court, over objection, again placed appellant on community control. After another motion to vacate was denied the second notice of appeal was filed.[3] We consolidated both appeals.
Contrary to the State’s contention we find that the motion to “toll” the time for speedy trial (more correctly denominated as a motion for extension of time) was improperly granted. It is clear that in this case no hearing, as required by the rule, was ever conducted. At most, there was an ex parte dialogue between the State and the trial court. “The essence of procedural due process is the right to a hearing upon reasonable notice.” Times Publishing Company v. Burke, 375 So.2d 297 (Fla. 2d DCA 1979). Rule 8.180 unambiguously requires that the time for trial be extended only after hearing. There having been no hearing, it follows that there could be no proper extension of the time. Moreover, appellant was never made aware that a court ruling was imminent. The State’s written motion, filed on May 9, 1979, did not contain a certificate of service, nor does the State contend that appellant ever received service of its motion. Without such service, or its equivalent, the motion cannot give rise to a court order adversely affecting the appellant. We therefore hold that the time for speedy trial was improperly extended and the appellant was entitled to discharge at the expiration of ninety (90) days. Rule 8.180(b) Fla.R.Juv.P.
The State contends that appellant received notice of its motion to extend the speedy trial time during one of the two prior hearings on the State’s motion for continuance. We disagree. Initially, we note that the written motion for extension was filed after both of the hearings for continuance. At these hearings the only motions granted were those for continuance. Although the State orally moved to extend the speedy trial period the court specifically stated that it would not rule on the motion for extension. Thereafter no hearing was held on the motion for extension. The hearings held on the motions for continuance cannot substitute for the hearing required on a motion to extend the time for trial. To hold otherwise would contravene the clear intent of the rule.
Finally, we wish to express our concern over the use of form motions and orders. In this ease a single form contained the motion and order of extension. Both incorrectly asserted that the respondent (appellant) was unavailable for trial when actually she was available at all times. Although it was made clear through a typewritten insertion that the State was referring to the unavailability of a witness, the form *299 order extended the time for trial until such time as appellant became available. Neither the administration of justice, nor public confidence and respect in our courts, are enhanced when official documents are so carelessly prepared.
In view of our holding that the appellant was entitled to discharge upon expiration of the speedy trial time, it is unnecessary for us to address the other issues raised by the appellant. Accordingly, these consolidated appeals are reversed and this cause is remanded to the trial court for entry of an order discharging the appellant from further prosecution.
BERANEK, J., concurs.
LETTS, C. J., concurs specially with opinion.

. Rule 8.180. Speedy Trial
(a) Every case in which a petition has been filed alleging a child to be delinquent, ungovernable or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the complaint is filed with the intake officer as provided by statute.
(2) The date the child was taken into custody.
(3) The date the petition was filed.
(b) If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
(c)The court may extend the period of timé established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.

. Case No. 79-1884.

. Case No. 80-193.