PER CURIAM.
The Florida Department of Health and Rehabilitative Services (HRS) appeals a final order of discharge, which was granted because of an alleged violation of the speedy trial rule contained in Florida Rule of Juvenile Procedure 8.180(a).
This case originated as a dependency proceeding under Chapter 39, Florida Statutes (1981). The child involved in these proceedings is three years old. She was taken into protective custody by the appellant (HRS) on January 6, 1982, and a petition for adjudication of dependency was later filed alleging that the child had been physically abused. An adjudicatory hearing was scheduled for February 19, 1982. That hearing did not take place. Instead, a joint stipulation was entered into by HRS, appel-lee (the child’s mother), the child’s guardian ad litem, and the child’s father. The stipulation requested that the cause be continued for the purpose of securing psychological evaluations of the appellee and her boyfriend. The stipulation provided for judicial review within sixty days of February 18, 1982. Pursuant to the stipulation, the trial judge entered an order of continuance which specifically provided that “this matter shall be set for judicial review within 60 days of February 18, 1982.”[1]
*971 On March 18, 1982, the parties met with the trial judge on the status of the psychological evaluations and on the father’s motion for an order placing temporary custody of the child with her father pending determination of the dependency proceeding. At that time, the adjudicatory hearing was set for April 15, 1982, because of the heavy trial schedule of the appellee’s attorney.
On April 13, 1982, the appellee filed a motion for discharge because of an alleged violation of the speedy trial rule contained in Florida Rule of Juvenile Procedure 8.180(a). That motion was granted and this appeal followed.
Part III of Chapter 39, Florida Statutes (1981), governs dependency proceedings pertaining to a minor child. Section 39.-40(1) provides that all procedures in dependency cases shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law. Section 39.408(l)(a) provides that the adjudicatory hearing shall be held as soon as practicable after the petition for dependency is filed and in accordance with the Florida Rules of Juvenile Procedure, but reasonable delay for the purpose of investigation, discovery, or procuring counsel or witnesses shall, whenever practicable, be granted. Rule 8.180, Florida Rules of Juvenile Procedure, provides in part as follows:
(a) Time. Every case in which a petition has been filed alleging a child to be delinquent or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
(c) Waiver. In a delinquency proceeding the child may voluntarily waive his right to a speedy trial.
(d)Extensions of Time. The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.
In the instant case, the ninety-day period in subsection (a) began to run from January 6, 1982, the date the child was taken into custody. That ninety-day period expired on April 6, 1982.
Appellant HRS points out that appellee, who moved for discharge for violation of the speedy trial rule, had entered into a written stipulation for the adjudicatory hearing to be held within sixty days of February 18, 1982. This was done to allow certain psychological evaluations. The court entered an order on March 10, 1982, approving the reasons and directing that a hearing be held within the time frame requested. Subsequently, to accommodate her attorney’s very heavy trial schedule, the trial judge set the hearing for April 15, 1982.
Appellee overlooks the fact that HRS had requested an earlier hearing but yielded to her counsel’s request for April 15. She now argues that it was incumbent on HRS, or some other party, to seek an extension of time under Rule 8.180(d) to set the matter for hearing and obtain an order of extension reciting the reason therefor and finding that the interest of justice will be served. C.S. v. State, 390 So.2d 457 (Fla. 3d DCA 1980).
Admittedly, the better procedure would have been for HRS to insist on an explicit order of extension; however, appellee’s position exalts form over substance as the *972 court’s order was functionally equivalent to such an extension. While not specifically denominated as an order to extend the speedy trial requirement, it nevertheless includes the findings required by the rule. See L.J. v. State, 423 So.2d 420 (Fla. 3d DCA 1982). We think it implicitly extended the time for speedy trial, and the appel-lee should not be permitted to avail herself of a technical deficiency in its form, particularly since she was a party to the stipulation and the hearing was scheduled to accommodate her counsel.
We have not overlooked appellees’ argument that Rule 8.180(c) specifically provides that in a delinquency proceeding the child may voluntarily waive his right to a speedy trial and makes no such provision with regard to dependency proceedings. However, we need not and do not reach our decision on the basis of a waiver, since 8.180(d) expressly gives the court authority to grant an extension.
Accordingly, we vacate the order of discharge and remand for further proceedings.
GRIMES, A.C.J., and SCHEB, J„ concur.
DANAHY, J., dissents with opinion.

. The record reflects that the parties’ reference to “judicial review” was intended to refer to an “adjudicatory hearing” contemplated by Flori *971 da Rule of Juvenile Procedure 8.190 and not “judicial review” within the meaning of Rule 8.210(c).