ZEHMER, Judge.
Appellant, a juvenile, was found by the trial court to have committed a delinquent act and was placed on community control with adjudication of delinquency withheld. Appellant urges that the trial court erred in denying his motion to dismiss on speedy trial grounds. We agree and reverse.
Appellant was taken into custody on March 6,1982; therefore, according to Section 39.05(7), Florida Statutes (1981), appellant should have been afforded an adjudicatory hearing by June 4, 1982. On June 11, 1982, appellant filed a motion to dismiss, alleging that he had not yet been afforded an adjudicatory hearing and that the speedy trial time limits had expired. The adjudicatory hearing was held on August 4, 1982; and on October 6, 1982, the trial judge issued an order denying appellant’s motion to dismiss, reasoning that on March 26, 1982, appellant had requested an additional pretrial date and that such request operated to toll the speedy trial period.
A trial court is authorized to extend the speedy trial period only upon full compliance with the requirements of Section 39.-05(7)(c), Florida Statutes (1981), and Rule 8.180(d), Florida Rules of Juvenile Procedure. On March 26, 1982, the trial court granted appellant a continuance of a pretrial hearing from March 26,1982, to March 31, 1982, and on its own motion, without a written order and without appellant being present, the court stated that speedy trial would be tolled for the five days from March 26, 1982, until March 31, 1982. Section 39.05(7)(c), Florida Statutes, provides:
The court may extend the period of time prescribed in paragraph (a) on motion of any party, after hearing, on a finding of good cause or that the interest of the child will be served by such extension. The order extending such period shall recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute good cause for such extension.
Rule 8.180(d), Florida Rules of Juvenile Procedure, contains similar provisions. Since the trial court failed to comply with any of these requirements, the court’s extension of speedy trial was not valid. Moreover, even assuming that the court’s extension were valid, it would only extend the speedy trial period five days, with the result that the time for speedy trial would lapse on June 9,1982, ninety-five days after appellant was taken into custody. Under these circumstances, appellant’s June 11 motion to dismiss should have been granted. In the Interest of B.L.G., 414 So.2d 1085 (Fla. 4th DCA 1982); In the Interest of K.L.H., 407 So.2d 297 (Fla. 4th DCA 1981); M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980).
The order of the trial court finding that appellant committed a delinquent act and the order withholding adjudication and placing appellant on community control are hereby REVERSED, and in accordance *467 with Section 39.05(7)(b), Florida Statutes (1981), the petition for delinquency is DISMISSED with prejudice.
MILLS and SHIVERS, JJ., concur.