COBB, Judge.
The petitioner, T.L., a juvenile, was arrested on December 13, 1983, and charged with a delinquent act (burglary of a conveyance). Speedy trial time, therefore, expired on March 12, 1984. An adjudicatory hearing was set for March 1, but continued pursuant to motion by the state. It was reset for March 20, 1984.
On March 12, 1984, the state, perceiving the speedy trial problem, filed a motion for extension of speedy trial. This was granted without hearing by the trial court by order dated March 12, 1984. On March 19, 1984, petitioner moved to vacate the order of extension on the basis that it violated the requirements of Florida Rule of Juvenile Procedure 8.180(d) and section 39.-05(7)(c), Florida Statutes (1983). The trial court denied this motion. Petitioner’s motion to dismiss with prejudice for failure of the state to comply with the juvenile speedy trial rule was also denied. It is the order denying the latter motion that we review here via T.L.’s petition for a writ of prohibition. See M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980).
Florida Rule of Juvenile Procedure 8.180(d) and section 39.05(7)(c), Florida Statutes (1981), require a hearing and recitation of reasons for an extension order. The law is clear that an extension order must be predicated upon full compliance with these requirements. J.J.S. v. State, 440 So.2d 465 (Fla. 1st DCA 1983); K.L.H. v. State, 407 So.2d 297 (Fla. 4th DCA 1981). It is equally clear that there was no such compliance in this case. As pointed out in Muller v. State, 387 So.2d 1037, 1039 (Fla. 3d DCA 1980):
*536 In the absence of an order of extension entered by the trial court during the speedy trial period, we will not find that the time was extended, no matter how compelling or exceptional the circumstances may appear.
Here, there was no valid order of extension entered by the trial court during the speedy trial period because it was entered without hearing. Moreover, no compelling or exceptional circumstances appear from this record nor were any reasons for the extension recited at any time by the trial court.
The writ is issued, the trial court is prohibited from trial of the petitioner, T.L., in Orange County Circuit Court Juvenile Case No. 83-3457, Division 5, and the petitioner is discharged from custody in that case.
WRIT GRANTED.
FRANK D. UPCHURCH, and COWART, JJ., concur.