SHIVERS, Judge.
Appellant, the mother of H.B., appeals the trial court’s denial of her motion to dismiss a dependency petition. We reverse.
On July 18, 1983, the Department of Health and Rehabilitative Services filed a petition for dependency which petition alleged that H.B. had been sexually abused by her stepfather. Appellant/mother filed a motion to dismiss the dependency petition on October 19, 1983, alleging that no adjudicatory hearing had been held on the dependency petition within 90 days as mandated by Fla.R.Juv.P. 8.180, i.e., the time for speedy trial expired on October 16, 1983. Hearing was held on this matter on October 21, 1983, and after hearing argu *1148 ment of counsel, the trial judge denied appellant/mother’s motion, finding that the speedy trial rule was not appropriate in juvenile cases. The trial judge did not reduce his ruling to writing.
Fla.RJuv.P. 8.180(a) and (b) provide: Rule 1.180. Speedy Trial
(a) Time. Every case in which a petition has been filed alleging a child to be delinquent or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
First, it is unquestionably clear that the trial judge erred in finding that the speedy trial rule is not appropriate in juvenile cases, since if the trial court’s ruling is correct Fla.R.Juv.P. 8.180 would be a nullity. Second, the trial court’s extension of the speedy trial period in this case was error in that an extension order must be entered, reciting the reasons for the extension, prior to the time speedy trial period expires for there to be a valid extension of the speedy trial period. See T.L. v. Byrd, 451 So.2d 535 (Fla. 5th DCA 1984); Fla.R. Juv.P. 8.180. Here, the ruling by the trial judge was entered subsequent to the speedy trial period, was not reduced to writing, and was insufficient as a matter of law as regards the reason given for the extension. Accordingly, we find and hold that the trial judge erred in not dismissing the dependency petition. See generally, T.L. v. Byrd, supra; J.J.S. v. State, 440 So.2d 465 (Fla. 1st DCA 1983); M.M. v. State, 407 So.2d 262 (Fla. 3d DCA 1981); M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980); R.L.P. v. Korda, 380 So.2d 1329 (Fla. 4th DCA 1980); compare St. Dept. of Health & Rehab. Serv. v. Lancione, 430 So.2d 970 (Fla. 2d DCA 1983).[1]
Notwithstanding the above, appellee argues that appellant waived the right to a speedy trial by agreeing to several continuances. However, the record does not contain any written motion for, or the granting of, a continuance. We must assume the record before us is complete. See M.B. v. Lee, 388 So.2d 1364 (Fla. 5th DCA 1980).
The order of the trial court finding H.B. dependent therefore is REVERSED, and the petition for dependency is DISMISSED with prejudice.
WIGGINTON, J., concurs specially with written opinion.
MILLS, J., dissents with written opinion.

. In his dissent, Judge Mills points out that after the adjudicatory hearing on H.B.’s dependency, the trial court entered an order which found H.B. to be a dependent child for the reasons alleged in the HRS petition and because the child’s natural mother was told of the child abuse incidents, but did not provide help for the child. In this order, after making these findings, the trial judge ordered that H.B. remain in the custody of her natural mother, appellant herein, albeit with supervision by HRS. Nonetheless, this order and the findings contained therein are invalid since the trial judge was without jurisdiction to conduct a hearing on the matter of H.B.’s dependency after the speedy trial time period had elapsed. We were not furnished a transcript of the dependency hearing since the substantive portions of the order entered as a result of the dependency hearing are not before this court for judicial review.