SCHEB, Judge.
T.C., a juvenile, challenges denial of his motion to dismiss a grand theft charge on the ground that his right to speedy trial under Florida Rule of Juvenile Procedure 8.180(e) was violated. We agree.
T.C. was arrested on February 12, 1987, and charged on March 11 with grand theft. The state failed to schedule an appearance before the court within the speedy trial period, which was to expire on May 12. Instead, on May 12 the state filed a motion for extension of speedy trial due to the presence of “exceptional circumstances.” The state claimed that it had requested an appearance within the speedy trial period, but no appearance before the court was held since the clerk’s office lost the file.
The trial court orally granted the state’s motion to extend speedy trial without providing specific reasons or defining the length of the extension. T.C. filed a motion to dismiss the charge on November 3 on the ground that he was deprived of a speedy trial. The trial court denied the motion, and T.C. pled nolo contendere, reserving the right to raise the speedy trial issue on appeal.
We think the trial judge erred in viewing these facts as “exceptional circumstances” pursuant to Florida Rule of Juvenile Procedure 8.180(e). While we are sympathetic to the state’s predicament, we are mindful that the state failed to take any affirmative action to alert the clerk’s office or the trial judge that the file was missing until several days before speedy trial expired. Additionally, we note that the trial judge failed to recite his specific reasons for granting the motion and the length of the extension as required by the rule. T.L. v. Byrd, 451 So.2d 535 (Fla.1984); H.B. v. State, 455 So.2d 1146 (Fla. 1st DCA 1984).
Reversed and remanded.
CAMPBELL, C.J., and HALL, J., concur.