816 So.2d 227 (2002)
M.T. and T.G., Parents of K.T., D.T., A.T., etc., Appellants/Cross-Appellees,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee/Cross-Appellant.
No. 5D01-1302.
District Court of Appeal of Florida, Fifth District.
May 10, 2002.
*228 No Appearance for Appellants/Cross-Appellees.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Kissimmee, for Appellee/Cross-Appellant.
COBB, J.
This appeal presents the question of the applicability of a jurisdictional speedy trial period to dependency cases.
K.T., D.T. and A.T. were sheltered by order dated September 8, 2000. An arraignment hearing was held on September 25, 2000. At the arraignment hearing, the parents, M.T. and T.G. denied the allegations of dependency and trial was set for November 9, 2000. An order of judicial review was entered on November 9, 2000 providing for the Department of Children and Families (DCF) to submit a stipulation (for an apparent settlement) to the parties within three months and set a judicial review for February 13, 2001. At the February 13, 2001 review, the parents moved unsuccessfully to dismiss the proceedings. Trial was set for April 12, 2001.
At the outset of the April 12, 2001 adjudicatory hearing the parents renewed their motion to dismiss, asserting that the language contained in sections 39.506(1) and 39.507(1)(a), Florida Statutes, constitutes a speedy trial rule applicable to dependency actions and that the failure to commence trial within 30 days of the arraignment divested the court of jurisdiction over the dependency action. The DCF countered that the statutes in question do not provide for automatic dismissal if the case is not brought to a hearing within the time period provided. The DCF admitted that no stipulation for continuance had been obtained. The trial court ruled that it lacked jurisdiction because the adjudicatory hearing had not been conducted within the 30 day period and dismissed the dependency action. That dismissal is the subject of this cross-appeal by DCF.[1]
The DCF points out that at one time, Florida Rule of Juvenile Procedure 8.180 provided a speedy trial time of 90 days applicable to both dependency and delinquency proceedings. See H.B. v. State, 455 So.2d 1146 (Fla. 1st DCA 1984)(dismissing dependency petition where adjudicatory hearing was not held within 90 day period). Both a special concurrence by Judge Wigginton and a dissent by Judge Mills expressed concern over application of a speedy trial rule to *229 dependency proceedings. 455 So.2d at 1148-1151.
Rule 8.180 was amended in 1985 to distinguish between delinquency and dependency proceedings. See Petition of Florida Bar to Amend Florida Rules of Juvenile Procedure, 462 So.2d 399 (Fla. 1984). As to dependency actions, a 180 day period was created in Florida Rule of Juvenile Procedure 8.720(f). See Julian v. Lee, 473 So.2d 736 (Fla. 5th DCA 1985). This provision no longer exists and the only juvenile rule governing speedy trial at present is found in Florida Rule of Juvenile Procedure 8.090 which applies only to delinquency proceedings. Thus, the supreme court has removed the speedy trial time for dependency actions. The supreme court has provided at Florida Rule of Judicial Administration 2.085(d)(1)(E) for a time standard of 180 days for the final disposition of a petition for dependency. These time standards, however, are not jurisdictional.
Section 39.506(1), Florida Statutes, applicable to dependency cases, provides:
When a child has been sheltered by order of the court, an arraignment hearing must be held no later than 28 days after the shelter hearing, or within 7 days after the date of filing of the dependency petition if a demand for early filing has been made by any party, for the parent or legal custodian to admit, deny, or consent to findings of dependency alleged in the petition. If the parent or legal custodian admits or consents to the findings in the petition, the court shall conduct a disposition hearing within 15 days after the arraignment hearing. However, if the parent or legal custodian denies any of the allegations of the petition, the court shall hold an adjudicatory hearing within 30 days after the date of the arraignment hearing unless a continuance is granted pursuant to this chapter.
Section 39.507(1)(a), Florida Statutes states:
The adjudicatory hearing shall be held as soon as practicable after the petition for dependency is filed and in accordance with the Florida Rules of Juvenile Procedure, but no later than 30 days after the arraignment.
This court has recently rejected the contention that the time periods contained in sections 39.506(1) and 39.507(1)(a) are jurisdictional speedy trial periods. In J.W. v. Department of Children & Families, 812 So.2d 599, 27 Fla. L. Weekly D789 (Fla. 5th DCA 2002) this court affirmed an order of the dependency court denying a motion to dismiss. The opinion states:
AFFIRMED. See State v. Osborne, 781 So.2d 1137, 1139-40 (Fla. 5th DCA 2001). ("With respect to time-limit statutes the general rule is that requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed... a proper test of legislative intent is to focus on the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment.") (quoting People v. Curtis, 177 Cal.App.3d 982, 223 Cal.Rptr. 397, 399 (1986)).
Osborne held that the failure of the State to bring a sexual predator to trial in connection with the filing of a petition for involuntary civil commitment, within 30 days of a determination of probable cause as required by statute, was not jurisdictional. Accordingly, the order of dismissal *230 is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] The primary appeal was dismissed earlier by this court for appellants' failure to prosecute.