849 So.2d 473 (2003)
D.D., The Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D03-160.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
*474 Christopher DeSantis, Port St. Lucie, for appellant.
Crystal Y. Yates-Hammond, Fort Pierce, for appellee.
WARNER, J.
D.D. appeals the trial court's order adjudicating his daughter dependent. We affirm as to all issues but write to address his contention that the court erred in denying his motion to dismiss because the state failed to hold a dependency trial within thirty days as provided in section 39.507(1)(a), Florida Statutes (2001).
The Department of Children and Families ("DCF") filed the petition for dependency against the father on June 6, 2002. Prior to his arraignment, DCF met several times with D.D. regarding settling the case. At his arraignment on June 19, 2002, he appeared without counsel and indicated that he was to enter into a case plan. To protect the father's interest, the trial court entered a denial and indicated a settlement conference could be set with DCF. The court set the case for docket sounding on August 9. Before that date, the father's counsel called DCF to continue the judicial review until August 19. At the hearing, counsel informed the court that the father had terminated his services and that the father was requesting a continuance because he objected to the proposed findings. The trial court denied the *475 continuance, appointed new counsel, and set the trial for September 3, indicating that the matter was not to be delayed any further. On August 26, D.D.'s new counsel filed a motion to dismiss the petition for lack of timely prosecution, noting the failure to commence a trial within thirty days of D.D.'s arraignment and set it to be heard on the first day of trial. However, at the trial, the court indicated D.D. had waived all of his pre-trial motions when he indicated he was ready for trial. Although the court was willing to continue the proceeding, the father decided to proceed with the trial. DCF, however, requested a continuance because its subpoenas had not been issued. Over the father's objection, the court granted the continuance but still refused to hear the father's motion to dismiss.
Before the next trial date, the trial judge recused himself and cancelled all hearings before him. The successor judge granted the father's motion to expedite and set a trial for November 25. The trial court also heard argument on the father's motion to dismiss. The father argued that the supreme court's opinion in State v. Goode, 830 So.2d 817, 825-26 (Fla.2002), holding that the thirty-day time frame for hearing involuntary commitment proceedings under the Jimmy Ryce Act was mandatory, should apply to the time limitation in section 39.507(1)(a). The court denied the motion to dismiss, concluding that dismissal of the petition was not in the child's best interest. It also found that the time periods in Chapter 39 were directory because, unlike the Jimmy Ryce Act, dependency cases do not involve serious deprivations of children's liberty interests. The court proceeded with the trial and adjudicated the child dependent as to D.D., the father.
The father maintains the time limitation in section 39.507(1)(a) should be interpreted as a mandatory speedy trial requirement. That section provides:
The adjudicatory hearing shall be held as soon as practicable after the petition for dependency is filed and in accordance with the Florida Rules of Juvenile Procedure, but no later than 30 days after the arraignment.
In M.T. v. Department of Children & Families, 816 So.2d 227, 229 (Fla. 5th DCA 2002), the fifth district rejected a similar argument. Like here, at the parents' arraignment, the trial court set trial beyond the thirty-day time limitation under 39.507(1)(a), and the adjudicatory hearing was not conducted until six months after their arraignment. The parents moved to dismiss at trial for violation of the statute. The trial court agreed and dismissed the action. See id. at 228. The opinion noted that formerly, the Florida Rules of Juvenile Procedure applied a speedy trial rule to both delinquency and dependency matters, see Fla. R. Juv. P. 8.180 (1984), but due to subsequent amendments a rule governing speedy trial applicable to dependency was eliminated. See Petition of Fla. Bar to Amend Fla. Rules of Juv. P., 462 So.2d 399 (Fla.1984). Currently, the only juvenile rule governing speedy trial is Rule 8.090, which rule applies only to delinquency proceedings. See M.T., 816 So.2d at 229. Thus, the court held the time limitation in section 39.507(1)(a) was not a jurisdictional speedy trial period.
While the father acknowledges the fifth district's holding in M.T., he argues the case is no longer controlling based upon the holding in Goode, involving the Jimmy Ryce Act time limitation. Because the dependency statute has a similar time limitation, the father contends it also should be mandatory. See 830 So.2d at 828 The particular section under review in Goode, section 394.916(1), Florida Statutes (1999), *476 states, that "[w]ithin 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator." (Emphasis added). The court analyzed the use of the word "shall" and noted that its interpretation depended upon the context in which it is used and the Legislature's intent. See Goode, 830 So.2d at 823. For example, courts generally construe "shall" as mandatory when it refers to an action preceding the possible deprivation of a substantive right. See id. Due to the serious deprivation of liberty which could accompany Jimmy Ryce commitment proceedings, the court concluded that the time period must be mandatory to satisfy due process concerns. To hold otherwise would leave the defendant without any due process protections and the statute without any mechanism to ensure the defendant's civil commitment was resolved prior to the expiration of the prison sentence as intended by the Legislature. See id.
Relying upon this rationale, the father maintains the thirty-day time period under section 39.507(1)(a) should be interpreted as a mandatory time limitation where Chapter 39 implicates the "longstanding and fundamental liberty interest of parents in determining the care and upbringing of their children free from the heavy hand of government paternalism." Padgett v. Dep't of Health & Rehabilitative Serv., 577 So.2d 565, 570 (Fla.1991). However, the father's argument overlooks the fact that this parental right is not absolute "but subject to the overriding principle that it is the ultimate welfare or best interest of the child which must prevail." Id. As such, the government has a compelling interest to protect children from threats of abuse, neglect and death. See id. The state does not violate the compelling state interest standard when, pursuant to its authority under Chapter 39, it interferes with the parent's fundamental right to raise their children. See Beagle v. Beagle, 678 So.2d 1271, 1276 (Fla.1996), abrogation recognized by, Lonon v. Ferrell, 739 So.2d 650, 651-52 (Fla. 2d DCA 1999).
Despite this precedent, the father maintains the state is not exercising its right to protect the child in the least restrictive manner when it fails to conduct the adjudicatory hearing within the thirty-day time limitation under section 39.507(1)(a), impeding his fundamental right to parent. We disagree that the time limitation should be interpreted as mandatory, as it was in Goode, where different interests are sought to be protected under these statutes. The thirty-day limitation in the Jimmy Ryce Act protects the due process rights of the individual facing further indefinite commitment subsequent to the expiration of the prison sentence. See Goode, 830 So.2d at 825-26. In dependency proceedings, the state's interest is to protect the child's well-being, which is paramount to the parent's interest.
Moreover, unlike the Jimmy Ryce Act, Chapter 39 contains exceptions to the time limitations contained therein. Section 39.013(10) allows for reasonable periods of delay as the result of continuances granted to the parents or the child's guardian, the unavailability of witnesses or evidence, and to accomplish notice on the parents. Further, section 39.013(10)(e) and (f) show that the child's best interests are the overriding interest:
(e) Notwithstanding the foregoing, continuances and extensions of time are limited to the number of days absolutely necessary to complete a necessary task in order to preserve the rights of a party or the best interests of a child. Time is of the essence for the best interests of dependent children in conducting dependency proceedings in accordance with *477 the time limitations set forth in this chapter. Time limitations are a right of the child which may not be waived, extended, or continued at the request of any party in advance of the particular circumstances or need arising upon which delay of the proceedings may be warranted.
(f) Continuances or extensions of time may not total more than 60 days for all parties within any 12 month period during proceedings under this chapter. A continuance or extension of time beyond the 60 days may be granted only for extraordinary circumstances necessary to preserve the constitutional rights of a party or when substantial evidence demonstrates that the child's best interests will be affirmatively harmed without the granting of a continuance or extension of time.
(Emphasis added).[1] These provisions reinforce the conclusion that the time limitation is not mandatory for the protection of the parent's rights but directory for the protection of the child.
Finally, the trial court determined that dismissal for failure to try the dependency action within the thirty days provided in section 39.507(1)(a) was not in the best interest of the child. Such a ruling would be subject to review on an abuse of discretion, which clearly is not shown here.
Affirmed.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] Although these sections became effective on July 1, 2002, after the petition was filed in this case, because they are procedural or remedial, they apply retroactively to pending cases. See Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475, 477 (Fla. 1995).